STATE, ex rel., GIAMARCO, Relator-Appellant, v. SMITH et, Respondents-Appellees.

Ohio Appeals, Tenth District, Franklin County.

No. 6025.   Decided April 28, 1959.

Butler, Addison, Smith & Carmack, Richard C. Addison, Ralph G. Smith, of Counsel, Columbus, for relator-appellant.

Mark McElroy, Atty. Genl., Walter M. Shea, Asst. Atty. Genl., Columbus, for respondents-appellees.

(WISEMAN, J, of the Second District, sitting by designation in the Tenth District.)

## OPINION

By WISEMAN, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County, dismissing a petition for a writ of mandamus after a hearing on the merits.

Relator, Henry Giamarco, a resident of Franklin County, as a citizen and taxpayer of the State of Ohio, a fireman by occupation and a mem-

ber of the Ohio State Fireman's Association, Inc., filed this action in the Common Pleas Court of Franklin County, seeking a writ of ·mandamus requiring respondents as members of the State Civil Service Commission of the State of Ohio to hold competitive examinations for the offices of Inspector in the Bureau of Inspection and Fire Prevention Bureau, Office of the State Fire Marshal, Department of Commerce.

Relator alleges that on July 19, 1956, the State Civil Service Commission passed a resolution in which it found "the position of Inspector in the Bureau of Inspection within the Office of the State Fire Marshal, Department of Commerce, not to be of such a confidential nature that fitness and merit for such position could not be determined by competitive examination and that such position 'shall be in the competitive classified civil service and the effective date of this Resolution shall be February 1, 1957,'" Prior to the effective date of the resolution, to-wit: On January 11, 1957, the State Civil Service Commission rescinded its action taken on July 19, 1956.

Respondents filed a demurrer to the petition, which was overruled. Respondents then filed an answer specifically denying the capacity of relator to challenge the action of respondents, denying that the acts of which relator complains constitute arbitrary action, gross abuse of discretion or error of law, and generally denying each and every allegation not admitted to be true. Motion of relator for judgment on the pleadings was overruled.

At the hearing on the merits the trial court denied the writ and dismissed the petition.

Relator assigns as error: First, error in holding that §121.14 R. C., places all personnel in the Office of the State Fire Marshal in the unclassified Civil Service; second, error in ruling that the inspectors within the Bureau of Inspection are not subject to the classified service; third, error in failing to determine that this proceeding is the proper remedy to compel the preparation and giving of competitive examinations for such fire inspectors; fourth, error in overruling the relator's motion for judgment on the pleadings.

Sec. 3737.03 R. C., creates the Bureau of Inspection, in the Office of the State Fire Marshal, consisting of a chief inspector and twenty-four assistants, none of whom has ever taken a Civil Service examination for the position. The Ohio Fireman's Association, on June 2, 1954, passed a resolution calling upon the State Civil Service Commission to hold competitive examinations for the office of inspector. The resolution of the Commission and its rescission followed.

The facts are not in dispute; the question for determination is one of law. The question presented is one of first impression in Ohio.

Does §121.14 R. C., place all the personnel or at least the inspectors in the unclassified Civil Service? We are only concerned here with the classification of the inspectors. Sec. 121.04 R. C., in part provides:

"Offices are created within the several departments as follows: * * *
"In the department of commerce:
"Superintendent of building and loan associations.
"Fire marshal.

414

"Superintendent of insurance." (Emphasis ours.)

**Sec. 121.05 R. C.,** refers to directors and assistant directors of departments. **Sec. 121.14 R. C.,** provides:

"Each department may employ, subject to the civil service laws in force at the time the employment is made, the necessary employees, and, if the rate of compensation is not otherwise fixed by law, fix their compensation.

"All **offices** created by §§121.04 and 121.05 **R. C.,** shall be in the unclassified civil service of the state." (Emphasis ours.)

We do not deem it necessary to set forth or discuss the historical background of these statutory provisions. It is sufficient to state that the State Fire Marshal and his assistants in the person of inspectors have not been included in classified Civil Service by the express words of the statute.

In §121.04 **R. C.,** the word "offices" is used to describe the division or sub-department of "Fire Marshal." Again, in §121.14 **R. C.,** the word "offices" is used, and this section in part provides that: "All **offices** created by §§121.04 and 121.05 **R. C.,** shall be in the **unclassified** civil service of the state."

We come now to the section on definitions of terms. **Sec. 121.01 R. C.,** in part provides:

"* * *

"(C) 'Departments, offices, and institutions' include every organized body, office, and agency established by the constitution and laws of the state for the exercise of any function of the state government, and every institution or organization which receives any support from the state."

A consideration of these sections alone would not warrant the conclusion that the Chief Fire Marshal and his assistants, such as inspectors, were intended to be placed in the unclassified civil service; other sections must be considered. The question whether other employees of said office are in the unclassified civil service is not before us and we make no determination with respect to them. The inspectors have a different status than the clerical personnel of the office of fire marshal. **Sec. 3737.05 R. C.,** provides:

"The chief of the arson bureau and his deputies, the chief of the bureau of inspection and his assistants, and the chief of the bureau of fire prevention, shall have and exercise, in the performance of general or specific duties assigned to them by the fire marshal, the duties, powers, authorities, and rights which are conferred upon the fire marshal or his assistants, by §§3737.01, 3737.08 to 3737.14, inclusive, and §3737.26 **R. C.**"

Thus it appears that the chief of the bureau of inspection and his assistants, who now are twenty-six in number, "shall have and exercise, in the performance of general or specific duties assigned to them by the fire marshal, the duties, powers, authorities and rights which are conferred upon the fire marshal or his assistants." Such persons, in our opinion, are not public employees but are properly described as public officials within the principle of law laid down in **State, ex rel. Milburn, et al, v. Pethtel, Auditor, 153 Oh St 1,** 90 N. E. (2d), 686, the first and second paragraphs of the syllabus being as follows:

"1. A public officer, as distinguished from an employee, is one who is invested by law with a portion of the sovereignty of the state and who is authorized to exercise functions either of an executive, legislative or judicial character.

"2. An appointee, upon whom the specific duties imposed by law are in relation to the exercise of the police powers of the state or in whom is vested independent power in the disposition of public property or authority to incur financial obligations upon the part of the county or state or to act in cases involving business or political dealings between individuals and the public, is thereby clothed with a part of the sovereignty of the state."

The second contention of relator is that the court erred in determining that the inspectors employed in the Bureau of Inspection are not subject to the classified civil service laws of the state. Relator claims that the inspectors are within the classified civil service by virtue of the provisions of §143.08 R. C., which is found in the Civil Service Act. The pertinent part of that section provides:

"The civil service of the state and the several counties, cities, and city school districts thereof shall be divided into the unclassified service and the classified service.

"(A) The unclassified service shall comprise the following positions, which shall not be included in the classified service, and which shall be exempt from all examinations required by §§143.01 to 143.48, inclusive, R. C.:

\* \* \*

"(9) **The deputies of elective or principal executive officers authorized to act for and in the place of their principals, and holding a fiduciary relation to such** principals;

\* \* \*

"(B) The classified service shall comprise all persons in the employ of the state and the several counties, cities, and city school districts thereof, not specifically included in the unclassified service, to be designated as the competitive class and the unskilled labor class.

"(1) The competitive class shall include all positions and employments in the state and the counties, cities, and city school districts thereof, for which it is practicable to determine the merit and fitness of applicants by competitive examinations. Appointments shall be made to, or employment shall be given in, all positions in the competitive class that are not filled by the promotion, reinstatement, transfer, or reduction, as provided in §§143.01 to 143.48, inclusive, R. C., and the rules of the commission, by appointment from those certified to the appointing officer in accordance with such sections." (Emphasis ours.)

Under §143.08 R. C., the deputies authorized to act for their principals are excluded from classified civil service, and since under §3737.05 R. C., the chief of the bureau of inspection and his assistants shall exercise the duties, etc., conferred upon the fire marshal, their principal, it follows that under this section of the Code, inspectors in the Bureau of Inspection are in the unclassified civil service.

The relator points to the resolution passed by the Civil Service Com-

**416**

mission in support of its contention that such inspectors are not specifically included in the unclassified service, and that the Commission by its resolution found that it is practicable to determine the merit and fitness of applicants for position of inspector by competitive examinations. It is sufficient to state that this Court is not bound by the resolution, and the commission itself felt it was not bound by it and rescinded it before it became operative. We find no abuse of discretion on the part of the commission in rescinding the resolution, as claimed by relator. The Court may well conclude that the Commission, as it stated in its order of rescission, preferred legislative action to clarify the matter. Such legislative action never took place.

We now consider several other sections of the Code which bear on this question and which are in para materia with the sections of the Code heretofore discussed.

Sec. 3737.02 R. C., which creates the arson bureau, in part provides: "The chief and his deputies shall be in the classified service of the Civil Service." Sec. 3737.04 R. C., which creates the bureau of fire prevention, in part provides: "The chief shall be in the classified service of the civil service." Sec. 3737.03 R. C., which creates the bureau of inspection, makes no provision for placing the chief or any of his assistants in the classified service. This fact is persuasive and significant in disclosing the legislative intent to differentiate between the bureaus respecting classified service. All three sections were enacted at the same time, in Amended Senate Bill No. 179, 97th General Assembly, 122 Ohio Laws, 718. We accept the statement in the opinion of the trial judge, not having made an independent research, that Senate Bill No. 179, when first introduced, at the end of the second paragraph contained the following provision: "The chief and his assistants shall be in the competitive class of the classified civil service;" that between the time of the introduction of the bill and its passage, this provision was deleted from the bill. This fact strongly supports the contention of respondents that the legislature intended that the assistants in the inspection bureau should be in the unclassified civil service.

Relator contends that the court erred in not determining that an action in mandamus was the proper remedy to compel the preparation and giving of competitive examinations for fire inspectors. We find no error on the part of the trial judge in failing to pass on this question. Because of the judgment of the trial court on the principal issues in this case, this question was purely academic. This Court is not required to determine the question in view of our holding on the other issues.

We find no error on the part of the trial court in overruling relator's motion for judgment on the pleadings or in dismissing the action on the hearing on the merits. We find no assignment of error well made.

Judgment affirmed.

BRYANT, PJ, DUFFY, J, concur.