FARNSWORTH, APPELLEE, *v.* BD. OF MEDINA COUNTY
COMMRS., APPELLANT.

[Cite as Farnsworth v. Board (1978),
61 Ohio App. 2d 72.]

(No. 815—Decided November 8, 1978.)

*Ms. Mary C. T. Bavis,* for appellee.

*Mr. Roger R. Ingraham,* prosecuting attorney, and *Mr.
William L. Thorne,* for appellant.

VICTOR, J. On January 18, 1977, the Medina County
Commissioners removed Joyce Farnsworth (appellee herein)
as superintendent of the Medina County Home for the Aged
after a routine audit conducted by the State Auditor's office
revealed a $12,661.39 deficit in the pension check accounts.
Mrs. Farnsworth's daughter, Elaine Stewart, employed by
the Home, subsequently admitted taking the money. Farns-
worth timely appealed her removal to the State Personnel
Board of Review. The Board, adopting the hearing officer's
report and recommendation, disaffirmed the removal order.

Pursuant to R. C. 124.34 and R. C. 119.12, the appoint-
ing authority, the Board of Medina County Commissioners,
appealed the Board's ruling to the Court of Common Pleas of
Medina County. On May 12, 1978, the court affirmed the
State Personnel Board of Review's disaffirmance order. The
Board of Medina County Commissioners appeals this deci-
sion. The alleged errors are:

*Assignments of Error*

"1. The trial court erred in upholding the decision of the

State Personnel Board of Review finding the position of county home superintendent within the classified civil service.

"II. The trial court erred in upholding the Board's finding that an employer is estopped by failure to follow statutory procedures from claiming that an employee is not entitled to the protection of the classified service, and erred further in considering Rule 123: 1-5-03 of the Department of Administrative Services in that regard, since the Board itself did not utilize such rule in support of its position.

"III. The trial court erred in holding that the appellee had not been fired for proper cause as found by the State Personnel Board of Review."

R. C. 124.11 provides that the civil service of the state and several counties shall be divided into the unclassified and classified service. R. C. 124.11 (B) places all civil service employees not specifically included in the unclassified service in the classified service. Appellant argues that the position of county home superintendent is unclassified because Farnsworth holds a "fiduciary or administrative relationship" to the Medina County Commissioners. We disagree. To determine the status of an employee depends upon a construction of R. C. 124.11, which provides, in pertinent part:

"(A) The unclassified service shall comprise the following positions, which shall not be included in the classified service, and which shall be exempt from all examinations required by this chapter:***

"(9) The deputies and assistants of elective or principal executive officers authorized to act for and in the place of their principals, or holding a fiduciary relation to such principals and those persons employed by and directly responsible to elected county officials and holding a fiduciary or administrative relationship to such elected county officials, and the employees of such county officials whose fitness would be impracticable to determine by competitive examination,***."

The classification issue is a question of fact dependent upon the actual authority granted by the appointing authority and the duties performed by the employee. *State, ex rel. Emmons,* v. *Lutz* (1936), 131 Ohio St. 466, accord, *Poda* v. *State,* unreported, Ninth Appellate District No. 8116, decided

August 16, 1976. We construe R. C. Chapter 124 in *pari materia* with R. C. Chapter 5155 to determine if Farnsworth's position is unclassified. Other courts have engaged in the *pari materia* analysis to delineate the breadth of an employee's discretion and responsibilities. See, *In re Termination of Employment* (1974), 40 Ohio St. 2d 107, 115; *State, ex rel. Giamarco*, v. *Smith* (1959), 110 Ohio App. 65, 70. R. C. 5155.01 through 5155.99 place virtually all administrative responsibilities for running the county home under the supervision of the County Commissioners. R. C. 5155.01 mandates that the Commissioners shall prescribe rules and regulations for running the home. R. C. 5155.02 requires the County Commissioners to inspect the home on a monthly basis and maintain a separate set of financial records regarding the county home. R. C. 5155.03, analogous to R. C. 124.34, prohibits the removal of the superintendent by the County Commissioners except for "good and sufficient cause."

The statutory circumscription of appellee's authority is further restricted by the practices of the Medina County Commissioners. Mrs. Farnsworth testified at the administrative hearing that she never hired anyone without obtaining prior approval from the County Commissioners and she has never fired anyone from the home. Compare, *Poda* v. *State, supra,* at 9. Medina County Commissioner Charles Clark testified that he interviewed job applicants from the home and reviewed employment applications. Although appellee handled money, this does not *ipso facto* make her a fiduciary. All purchases for the county home were scrutinized by the Commissioners' staff and ultimately approved or disapproved by the Commissioners. Robert S. Knapp, Chief of Agency Services of the Ohio Department of Administrative Services (hereinafter referred to as ODAS) testified that his agency considers the position of county home superintendent to be in the classified service. The Commissioners, by resolution in February 1977, attempted to exempt the position of county home superintendent from the classified service. This was denied by ODAS. Competitive examinations are currently given and have been held for the position of county home superintendent. *State, ex rel. Hart,* v. *Board* (1920), 101 Ohio St. 336. We hold, pursuant to R. C.

119.12, that the Department of Administrative Services' disaffirmance order, predicated upon its determination that appellee's position is classified, is supported by reliable, probative and substantial evidence in the entire record.

We overrule assignment of error number one.

Appellee's succession to the position of superintendent of the Medina County Home for the Aged was the natural culmination of working in the home in various capacities since 1946. Mrs. Farnsworth became assistant superintendent in 1971 when her parents ran the home. The Board of County Commissioners appointed Farnsworth as superintendent in 1974 after she submitted an application. The Commissioners argue that appellee is excluded from the classified service since she was never certified as the result of having taken a competitive civil service examination. Appellee maintains that the Commissioners are estopped from arguing that she is not a classified employee since the Board of Commissioners or their predecessors are responsible for the appointment procedures. The State Personnel Board of Review relied on R. C. 124.30 to disaffirm the Commissioners removal order. R. C. 124.30, titled temporary and exceptional appointments, provides in petinent part:

"Positions in the classified service may be filled without competition as follows:

"(A) Whenever there are urgent reasons for filling a vacancy in any position in the classified service and the director of administrative services is unable to certify to the appointing authority, upon requisition by the latter, a list of persons eligible for appointment to such position after a competitive examination, the appointing authority may nominate a person to the director for non-competitive examination, and if such nominee is certified by the director as qualified after such non-competitive examination, he may be appointed provisionally to fill such vacancy until a selection and appointment can be made after competitive examination;***."

The plain meaning of this statute places the burden on the appointing authority to either request a certified list of qualified applicants who have taken a competitive examination or to nominate a person to the directorship who has already been certified after having taken a non-competitive examination. *State, ex rel. Dahmen,* v. *Youngstown* (1973), 40

Ohio App. 2d 166, 175, in construing R. C. 143.23, the predecessor R. C. 124.30, held:

"* * *[W]hen an appointment is made to a position in the classified service of a municipality without a non-competitive examination, and there is no eligible list, pursuant to R. C. 143.19, available for such position, the failure of the Civil service Commission of such municipality to provide an examination within a reasonable time for such appointee, after a written request for such an examination has been made, shall result in such appointee acquiring the status of a provisional employee under R. C. 143.23 [now 124.30]."

Although appellee did not take a competitive civil service examination, the Court of Common Pleas found that she had taken a non-competitive examination by completing her employment application. See, *State, ex rel. Barborak,* v. *Hunston* (1962), 173 Ohio St. 295, 298. The Board of Medina County Commissioners admits that it has never requested a certified list or submitted appellee's application to ODAS for certification as a provisional employee.

We hold, an appointing authority that admittedly refrains from compliance with R. C. 124.30 is estopped to complain that an employee has not been properly certified as a provisional employee. We further find that as a provisional employee, Mrs. Farnsworth is entitled to the protection of R. C. 124.271 which provides in part:

"Any employee in the classified service of the state or any county, city, city health district, general health district, or city school district who is appointed provisionally to fill a vacancy and who remains in provisional status in the same classification for a period of two years of continuous service, during which period no competitive examination is held, becomes a permanent appointee in the classified service at the conclusion of such two year period.* * *"

This section applies to provisional appointments made prior to, on, or after the effective date of enactment, November 14, 1973. See, 135 Ohio Laws 312, Am. S.B. 84, Section 2, effective November 14, 1973. We hold R. C. 124.271 is self-executing. Therefore, the appellee, by serving continuously as superintendent of the Medina County Home from February 25, 1974, until her removal on January 18, 1977, has become a permanent appointee in the classified service pursuant to R. C. 124.271. Although the scope of the

Court of Common Pleas review under R. C. 119.12 is confined to the record, the court's additional reliance on ODAS guidelines cannot constitute error in light of appellant's non-compliance with R. C. Chapter 124.

We reject assignment of error two.

The Commissioners' rationale for appellee's discharge is twofold. First, the Commissioners claim that Mrs. Farnsworth failed to maintain a proper bookkeeping system. Second, they allege that appellee did not cooperate fully with the embezzlement investigation. We find both of these arguments without merit. Mrs. Farnsworth utilized an accounting system that was carried over from previous administrations. Auditor Frank Lancianese, who conducted the State Auditor's investigation, testified that appellee's books were similar to those kept by other county homes.

The record indicates that Farnsworth was cooperative with the auditor's investigation. Upon the discovery of the missing funds via the audit, Elaine Stewart told her mother that she had taken the funds. Upon the advice of counsel, Mrs. Farnsworth did not reveal her daughter's confession until the administrative hearing. Appellee's attorney, Mr. William Batchelder, advised Mrs. Farnsworth not to reveal the thief's name on grounds of possible self-incrimination. It is clear from the record, however, that the Commissioners at all times surmised that the thief was Elaine Stewart. There is no evidence that appellee's failure to divulge her daughter's confessions impaired the law enforcement investigation of the incident.

Since appellee has been employed by the home, she has never been reprimanded for failing to discharge her statutory responsibilities and her care of home residents has been above reproach. We find, therefore, that appellee was removed by the Board of Medina County Commissioners in contravention of R. C. 124.34 and R. C. 5155.03. We hold that the judgment of the Common Pleas Court is supported by reliable, probative and substantial evidence and is in accordance with the law. We overrule assignment of error three.

*Judgment affirmed.*

BELL, P. J., and HUNSICKER, J., concur.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6 (C), Article IV, Constitution.