McAninch, Appellant, *v.* Crumbley, Sheriff, Appellee.

[Cite as McAninch v. Crumbley (1981), 65 Ohio St. 2d 31.]

(No. 80-963—Decided March 18, 1981.)

*Messrs. Thornburg & Bean* and *Mr. Charles H. Bean,* for appellant.

*Mr. Edward G. Sustersic,* prosecuting attorney, and *Mr. James L. Nichelson,* for appellee.

CLIFFORD F. BROWN, J.   Whether a deputy sheriff holds a fiduciary or administrative relationship to the sheriff is a question of fact dependent on the actual duties assigned to and performed by the deputy sheriff. *In re Termination of Employment* (1974), 40 Ohio St. 2d 107; *State, ex rel. Emmons,* v. *Lutz* (1936), 131 Ohio St. 466. In this case, the hearing examiner determined as fact that McAninch held a fiduciary and administrative post, based on testimony adduced at the hearing and such exhibits as a printed job description and official correspondence to which McAninch's name was attached. The hearing officer acted properly when he examined the duties assigned to and performed by the chief deputy, and correctly concluded that appellant fit within the definition of unclassified employee found in R. C. 124.11(A)(9).[1]

---

[1] R. C. 124.11 provides in pertinent part:

"The civil service of the state and the several counties, * * * shall be divided into the unclassified service and the classified service.

"(A) The unclassified service shall comprise the following positions, which shall not be included in the classified service, and which shall be exempt from all examinations required by this chapter:

"* * *

"(9) The deputies and assistants of elective or principal executive officers authorized to act for and in the place of their principals, or holding a fiduciary rela-

Although, as a matter of fact, appellant fit within the relevant definition of an unclassified civil service employee, appellee failed to comply with Ohio Adm. Code 123:1-5-03.[2] This rule, implementing the authority given the Director of Administrative Services under R. C. 124.09(C) to keep a list of all classified employees, and under R. C. 124.20(A) to put into effect rules for the classification of employments in the civil service, requires an appointing authority to designate in writing and file with the Department of Administrative Services an exemption for those positions in his department which are administrative or fiduciary. Thus, the rule works to provide a list of unclassified employees to the board. In addition, the rule has the salutary effect of easing "the anxiety of public employees whose jobs are in the gray area between classified and unclassified service." *In re Termination of Employment, supra,* at page 116 (William B. Brown, J., concurring opinion).

Appellant argues that the effect of noncompliance with this rule is to preclude the appointing official from asserting that appellant has the status of an unclassified employee. As authority for this proposition, appellant cites *In re Dismissal of Mitchell, supra* (60 Ohio St. 2d 85), in which this court affirmed a decision of the Court of Appeals for Union County which held that failure to comply with Ohio Adm. Code 123:1-5-03 did preclude the Union County sheriff from asserting that his chief deputy was in the unclassified civil service. However, there, on appeal to this court, the issue presented concerned only whether the Court of Appeals had the authority to review the judgment of the Court of Common Pleas. *In re Dismissal of Mitchell, supra,* at page 87. This court for

---

tion to such principals and those persons employed by and directly responsible to elected county officials and holding a fiduciary or administrative relationship to such elected county officials * * * ."

[2] Ohio Adm. Code 123:1-5-03 provides:

"Deputies and Assistants. Notices from appointing authorities of the appointment of deputies and assistants exempt from the classified services under the provisions of paragraph (A)(9) of Section 124.11, Ohio Revised Code, shall be accompanied by a statement of the provisions of the law under which such deputies and assistants are appointed and a statement of the duties to be assigned to such appointees showing that they are performing duties of a confidential and fiduciary character involving the responsibilities of their principals."

the first time in the case *sub judice* reaches the issue of the efficacy of this administrative rule to preclude the appointing authority from claiming unclassified status for the employee.

An administrative rule is not inconsistent with a statute unless the rule contravenes or is in derogation of some express provision of the statute. *State, ex rel. Curtis,* v. *DeCorps* (1938), 134 Ohio St. 295; 2 Ohio Jurisprudence 3d 238, Administrative Law, Section 72. Here, appellant was found as a matter of fact to fit within the definition of unclassified employee contained in R. C. 124.11(A)(9). Given the applicability of this legislative provision, an administrative rule which would preclude its use must yield. In the instant case, to the extent Ohio Adm. Code 123:1-5-03 acts to modify the meaning of R. C. 124.11(A)(9), it impermissibly changes a legislative entitlement and is invalid.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

RUTHERFORD, SWEENEY, LOCHER and HOLMES, JJ., concur.

CELEBREZZE, C. J., concurs in the judgment only.

W. BROWN, J., dissents.

RUTHERFORD, J., of the Fifth Appellate District, sitting for ·P. BROWN, J.

WILLIAM B. BROWN, J., dissenting. I would require appointing authorities to utilize the procedure delineated in Ohio Adm. Code 123:1-5-03. See my concurring opinion to *In re Termination of Employment* (1974), 40 Ohio St. 2d 107, 116. Compliance with this procedure requires only a minimal effort, yet clearly facilitates the division of employees into the unclassified and classified civil service, as required by R. C. 124.11.

A policy underlying the classification of civil service employees is the protection of classified employees from arbitrary and unjust removal. *State, ex rel. Buckman,* v. *Munson* (1943), 141 Ohio St. 319. Unclassified employees are not granted such protection. 15 Ohio Jurisprudence 3d, Civil Servants and Other Public Officers and Employees, Section 125. Given the consequences of civil service classification, exemption from the classified service should be determined at the

onset of employment. An early mandatory determination of classification would promote the policy of the civil service laws by removing uncertainty of status and reducing the potential for arbitrary and unjust removal of protected employees.