DLZ CORPORATION et al., Appellees,

v.

OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES, Appellant.

[Cite as *DLZ Corp. v. Ohio Dept. of Adm. Serv.* (1995), 102 Ohio App.3d 777.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 94APE08–1181, 94APE08–1182, 94APE08–1183, 94APE08–1184, 94APE08–1185 and 94APE08–1186.

Decided May 18, 1995.

---

*Carlile, Patchen & Murphy, Laurence E. Sturtz* and *Amy R. Goldstein,* for appellees DLZ Corporation, Dodson–Lindblom Associates, Inc., JDJ & A, Inc., and Stilson & Associates, Inc.

*Spater, Gittes, Schulte & Kolman, Frederick M. Gittes* and *Kathaleen B. Schulte,* for appellee Optimum Technology, Inc.

*Benjamin, Yocum & Heather* and *Thomas R. Yocum,* for appellee Unicustom, Inc.

*Frost & Jacobs, Michael Yarbrough, David C. Olson* and *Adam P. Hall,* for appellee D.A.G. Construction Co., Inc.

*Bricker & Eckler, Percy Squire* and *Wendi R. Huntley,* for appellee William A. Cargile III and Cargile Contractors, Inc.

*Ken C. Kotecha,* for appellee Parma Sinha, d.b.a. Contech Design, Inc.

*McFadden, Winner & Savage* and *James S. Savage,* for appellees Kabil Associates and Anand B. Gogate, Engineers.

*Betty Montgomery,* Attorney General, *Jerry K. Kasai,* Assistant Attorney General, and *Richard A. Cordray,* State Solicitor, for appellant Ohio Department of Administrative Services.

TYACK, Judge.

On October 8, 1993, the Ohio Department of Administrative Services ("ODAS") sent Notices of Opportunity for Hearing to DLZ Corporation, Dodson–Lindblom Associates, Inc., Stilson & Associates, Inc., JDJ & A, Inc., Optimum Technology, Inc., D.A.G. Construction, Inc., Unicustom, Inc., Parma H. Sinha, d.b.a. Contech Design, Inc., and Kabil Associates and Anand Gogate, Engineers, informing them that they would be decertified as Minority Business Enterprises. Each of the

above businesses, owned by persons of Asian–Indian descent, had previously been certified as a Minority Business Enterprise ("MBE") by ODAS and was entitled to participate in the state's minority business set-aside program. The businesses were informed that the reason for their decertification was that the then Attorney General had issued an opinion which stated Asian–Indians were not included within the meaning of the word "Oriental" as found in R.C. 122.71(E)(1).

The businesses asserted their right to an administrative hearing which was held on November 4, 1993. On December 3, 1993, the hearing examiner issued her report and recommendation, recommending that ODAS's decision to decertify the businesses be affirmed. On December 21, 1993, ODAS adopted the hearing examiner's report and recommendation and decertified the businesses. The businesses appealed the adjudication order to the Franklin County Court of Common Pleas. On July 13, 1994, the trial court reversed the adjudication order, ordering that the Asian–Indian businesses ("appellees") be recognized as "Oriental" under R.C. 122.71(E)(1) and were eligible to participate in the minority business set-aside program. ODAS ("appellant") appealed to this court. While the appeal was pending and before oral argument, the Supreme Court of Ohio stayed the appeal while it considered appellees' complaint for writs of mandamus and prohibition. The stay has been lifted, and appellant asserts one error for our consideration:

"The common pleas court erred in ruling that the adjudication order entered by appellant, which determined that the General Assembly did not intend for appellees to be eligible to participate as minority business enterprises in the state's statutory minority set-aside program, was not supported by reliable, probative, and substantial evidence and was not in accordance with law."

R.C. 119.12 addresses appeals by state agencies to this court and states, in pertinent part:

"Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, and in such appeal the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record."

Appellant sets forth various arguments, including issues pertaining to constitutionality, in support of its assignment of error. However, both parties generally agree that the main issue is one of statutory construction. Because we resolve the matter based upon statutory construction, we need not reach the issues pertaining to constitutionality. See *State ex rel. Ruehlmann v. Luken* (1992), 65 Ohio St.3d 1, 4–5, 598 N.E.2d 1149, 1152, citing *Interstate Motor Freight Sys. v. Bowers* (1955), 164 Ohio St. 122, 57 O.O. 123, 128 N.E.2d 97.

As stated above, appellees had been certified by appellant as MBEs. Only companies certified as MBEs are eligible to participate in the minority business enterprise set-aside program, which, among other things, reserves a percentage of state construction contracts for such businesses. Appellees were decertified after an Attorney General Opinion concluded that Asian–Indians were not included within the definition of "Oriental" as found in R.C. 122.71(E)(1) and as further defined in Ohio Adm.Code 123:2–15–01(A)(9). R.C. 122.71(E)(1) states:

" 'Minority business enterprise' means an individual, partnership, corporation, or joint venture of any kind that is owned and controlled by United States citizens, residents of Ohio, who are members of one of the following economically disadvantaged groups: Blacks, American Indians, Hispanics, and *Orientals*." (Emphasis added.)

The Ohio Revised Code does not further define any of the four enumerated "economically disadvantaged groups." However, appellant, purportedly pursuant to its rule-making powers, further defined the term "Oriental." Ohio Adm.Code 123:2–15–01(A)(9) contains such definition and states:

" 'Orientals' means all persons having origins in any of the original people of the Far East, including China, Japan and Southeast Asia."

■ Appellant's hearing examiner found that the "Far East" did not include people with origins in India. This was based on several dictionary definitions of the term "Far East." The trial court, however, found that the various definitions of both "Oriental" and "Far East" included the Indian subcontinent. We hold that a plain reading of R.C. 122.71(E)(1) and its term "Orientals" includes people with origins in India, and any restriction on that statutory definition by the Ohio Adm.Code is contrary to law.

■ Since the issue presented in this case involves statutory construction, specifically, whether the term "Orientals" includes people with origins in India, we are guided by R.C. 1.42, which states, in pertinent part:

"Words and phrases shall be read in context and construed according to the rules of grammar and common usage."

Further, the Supreme Court of Ohio has stated that words left undefined by statute are to be interpreted by using their usual, common and everyday meaning. See *State v. S.R.* (1992), 63 Ohio St.3d 590, 595, 589 N.E.2d 1319, 1323; *State ex rel. Celebrezze v. Allen Cty. Bd. of Commrs.* (1987), 32 Ohio St.3d 24, 27, 512 N.E.2d 332, 334. Therefore, we initially look to common dictionary definitions to assist in determining the meaning of the term "Orientals."

Webster's Ninth New Collegiate Dictionary (1987) 832, defines "Oriental," in pertinent part as: "a member of one of the indigenous peoples of the Orient."

"Orient" is then defined in Webster's as: " * * * 2 *cap:* EAST * * *." *Id.* The term "oriental" is further defined in Webster's as: " * * * 1 *often cap:* of, relating to or situated in the Orient * * * 4 *cap:* of, relating to, or constituting the biogeographic region that includes Asia south and southeast of the Himalayas of the Malay archipelago west of Wallace's line * * *." *Id.*

The Random House Dictionary of the English Language (2 Ed.1987) 1365, defines "oriental" as: " * * * 3. (*cap.*) Zoo-*geog.* belonging to a geographical division comprising southern Asia and the Malay Archipelago as far as and including the Philippines, Borneo, and Java. * * * *–n.* 5. (*usually cap.*) a native or inhabitant of the Orient. * * *" *Id.* The Orient is then defined as " * * * 1. the Orient, a. the countries of Asia, esp. East Asia." *Id.*

Lastly, Webster's Third New International Dictionary of the English Language (1976) 1591, defines "oriental" as: " * * * a member of one of the indigenous peoples of the Orient (as a Chinese, Indian, or Japanese)." All of these definitions include within the meaning of the term "Oriental" or "the Orient" either people with origins in India or, geographically, the Indian subcontinent. Therefore, a plain reading of the term "Oriental" as used in R.C. 122.71(E)(1) includes those businesses owned and controlled by persons with origins in the country of India.

Appellant argues, however, that the definition of "Orientals" as found in Ohio Adm.Code 123:2–15–01(A)(9) does not include Asian–Indians. As previously noted, the Ohio Adm.Code further defines the term "Orientals" as found in R.C. 122.71(E)(1) essentially as those persons with origins in the "Far East." According to appellant, the "Far East" does not include the country of India. Appellant has submitted several dictionary definitions of the term "Far East" which may or may not include within their meaning the country of India. If we were to accept appellant's argument, then the statutory term "Orientals," which includes Asian–Indians, would essentially be re-defined by the Ohio Adm.Code definition of "Orientals" to exclude Asian–Indians. We do not accept appellant's argument, in part because to do so would be to create a clear conflict between the Ohio Administrative Code and the underlying statute.

In *McAninch v. Crumbley* (1981), 65 Ohio St.2d 31, 34, 19 O.O.3d 225, 227, 417 N.E.2d, 1252, 1255, the Supreme Court of Ohio stated that "[a]n administrative rule is not inconsistent with a statute unless the rule contravenes or is in derogation of some express provision of the statute. *State ex rel. Curtis v. DeCorps* (1938), 134 Ohio St. 295 [12 O.O. 96, 16 N.E.2d 459]." An administrative rule that would preclude the use of a statute must yield to the statute. *Id.* See, also, *Brooks v. Ohio Bd. of Embalmers & Funeral Directors* (1990), 69 Ohio App.3d 568, 572, 591 N.E.2d 301, 303. Again, the administrative rule at issue, if construed to exclude Asian–Indians as "Orientals," would be in derogation of R.C.

122.71(E)(1). Under a plain reading, R.C. 122.71(E)(1) and its term "Orientals" include Asian–Indians. Ohio Adm.Code 123:2–15–01(A)(9), therefore, cannot exclude Asian–Indians from its definition of "Orientals."

As a result, we find that the trial court did not err in holding that the adjudication order decertifying appellees as MBEs was not in accordance with law. Accordingly, appellant's sole assignment of error is overruled.

Having overruled appellant's assignment of error, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

BOWMAN, P.J., and DESHLER, J., concur.