OPINION
Plaintiff-appellant, the state of Ohio, appeals a decision of the Warren County Court of Common Pleas granting a motion to suppress evidence filed by defendant-appellee, Brian Preston. We reverse.
On November 23, 1996, at approximately 5:20 a.m., Sergeant Jim Sizemore of the Butler County Sheriff's Department was on routine patrol in Liberty Township when he observed a U-Haul truck being driven on Kyle's Station Road. Since he had been informed that a U-Haul truck had recently been used in the burglaries of several local construction sites, Sergeant Sizemore began to follow the UHaul truck and radioed dispatch to inquire whether any thefts had been reported in the area.
As Sergeant Sizemore followed the truck, he observed that the left brake light on the vehicle was not functioning. Sergeant Sizemore followed the truck for over four miles and then activated his lights and stopped the vehicle. Although Sergeant Sizemore found Preston in the passenger's seat and a female in the driver's seat of the truck, Preston admitted that he was driving the vehicle. Sergeant Sizemore then obtained consent to search the vehicle from Preston and discovered a large amount of copper wiring in the back of the truck.
On March 10, 1997, a Warren County Grand Jury indicted Preston, charging him with grand theft in violation of R.C.2913.02(A)(2). On May 27, 1997, Preston filed a motion to suppress the evidence that was found in the truck. After holding a hearing on the matter, the trial court granted Preston's motion to suppress on July 30, 1997. The trial court found that since the Ohio Revised Code only requires that a motor vehicle be equipped with one operating brake light, Sergeant Sizemore did not observe a traffic violation and lacked a reasonable suspicion to stop Preston.
On appeal, the state assigns two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO SUPPRESS EVIDENCE LAWFULLY OBTAINED FROM APPELLEE'S VEHICLE BECAUSE THE INVESTIGATING OFFICER HAD REASONABLE SUSPICION TO PULL OVER APPELLEE'S VEHICLE.
Assignment of Error No. 2:
 EVEN IF THE OFFICER LACKED REASONABLE SUSPICION FOR THE STOP, THE TRIAL COURT ERRED BY FAILING TO FIND THE GOOD FAITH EXCEPTION TO THE EXCLUSIONARY RULE APPLICABLE.
In the state's first assignment of error, it is asserted that the trial court erred by granting Preston's motion to suppress. The determinative facts are not disputed and the sole issue presented for our review is whether the stop of Preston's automobile was constitutionally valid. In reviewing the trial court's decision, we apply a de novo standard of review. Hamilton v. Justice (Dec. 23, 1996), Butler App. No. CA96-04-065, unreported, citing Ornelas v. United States (1996), ___ U.S. ___,116 S.Ct. 1657.
The Fourth Amendment of the United States Constitution gives people the right "to be secure * * * against unreasonable searches and seizures." A minor traffic or equipment violation provides probable cause for a traffic stop regardless of the police officer's subjective intentions. Whren v. United States (1996), ___ U.S. ___, 116 S.Ct. 1769, 1772-1776. "Where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question." Dayton v. Erickson (1996), 76 Ohio St.3d 3,11-12.
Based upon the holdings in Whren and Erickson, Ohio courts have upheld "pretextual" traffic stops where a police officer has observed a minor traffic or equipment violation that provides probable cause for a stop. State v. Nevels (Aug. 1, 1997), Hamilton App. Nos. C-960986 through C-960990, unreported, citing, e.g., State v. Cullers (Apr. 25, 1997), Montgomery App. No. 15936, unreported, (failure to illuminate rear license plate and failure to display county sticker on license plate); State v. Ackers (Apr. 4, 1997), Portage App. No. 95-P-0073, unreported, (only one working headlight); State v. Barr (Mar. 21, 1997), Montgomery App. No. 15987, unreported, (failure to illuminate license plate); State v. Holloway (Jan. 10, 1997), Clark App. No. 96-CA-51, unreported, (failure to display front license plate).
In the present case, the state asserts that the stop of Preston's truck was constitutionally valid because the vehicle only had one operating brake light. R.C. 4513.071 provides that "all motor vehicles * * * shall be equipped with at least one stop light mounted on the rear of the vehicle which shall be actuated upon application of the service brake * * *." R.C. 4513.19 provides that the lights mentioned in sections 4513.03 to 4513.18 of the Revised Code must be equipped in accordance with regulations that are prescribed by the director of public safety. Ohio Adm. Code4501-15-02(C)(1) provides that after January 1, 1967, every motor vehicle "shall be equipped with two or more stop lamps." Ohio Adm. Code 4501-15-02(C)(2) provides that the stop lamps "shall display a red light, visible from a distance of not less than three hundred feet to the rear in normal sunlight, and which shall be actuated upon application of the service (foot) brake."
In State v. Vannest (Dec. 15, 1995), Athens App. No. 94CA1645, unreported (Kline, J. dissenting), a majority of the Fourth District Court of Appeals found that the requirement of "two or more stop lamps" contained in Ohio Adm. Code 4501-15-02(C) conflicted with the requirement of "at least one stop light" contained in R.C. 4513.071. Accordingly, the Fourth District concluded that R.C. 4513.071 took precedence over Ohio Adm. Code4501-15-02(C) and Ohio law only required that a motor vehicle be equipped with one operable brake light. See, also, State v. Guysinger (1993), 86 Ohio App.3d 592, 595; State v. Salyers (July 31, 1995), Lawrence App. No. 94CA30, unreported (Kline, J. dissenting).
In well-reasoned dissents in Vannest and Salyers, Judge Kline found that R.C. 4513.071 and Ohio Adm. Code 4501-15-02(C) did not conflict and concluded that Ohio law required two operating brake lights on a motor vehicle. Judge Kline reasoned:
 Since R.C. 4513.19 refers to R.C. 4513.071, both statutes must be read in pari materia. The Ohio Legislature, through R.C. 4513.071 and then R.C. 4513.19, delegated to the director of public safety the responsibility to determine any additional safety requirements regarding the number of stop lights with the minimum being "at least one" (R.C. 4513.071). Pursuant to R.C. 4513.071 and R.C. 4513.19, the director of public safety promulgated Ohio Adm. Code 4501-15-02(C), which requires "two or more" stop lights on vehicles manufactured or assembled on or after January 1, 1967. Since "two or more" stop lights are "at least one" stop light, there is no conflict between the Ohio Revised Code and Ohio Administrative Code. "At least one" means greater than or equal to one. For example, "two" is "at least one." Furthermore, I recognize that the director of public safety is limited by the requirements set forth in R.C. 4513.071 that require "at least one." For example, the director of public safety would have created a conflict by determining that no stop lights were necessary since "zero" is not "at least one."
Vannest at pg. 19-22.
An administrative regulation that is issued pursuant to statutory authority has the force of law unless it is unreasonable or conflicts with a statute covering the same subject matter. Youngstown Sheet Tube Co. v. Lindley (1988), 38 Ohio St.3d 232,234. If a potential conflict exists between an administrative regulation and a statute, an administrative regulation is not inconsistent with a statute unless the regulation contravenes or is in derogation of some express provision of the statute. Kelly v. Accountancy Bd. of Ohio (1993), 88 Ohio App.3d 453, 459, citing McAninch v. Crumbley (1981), 65 Ohio St.2d 31, 34. After reviewing R.C. 4513.071 and Ohio Adm. Code 4501-15-02(C), we find Judge Kline's reasoning persuasive and hold that R.C. 4513.071
and Ohio Adm. Code 4501-15-02(C) are not in conflict. Therefore, we conclude that Ohio Adm. Code 4501-15-02(C) "has the force of law" and requires that a motor vehicle be equipped with two or more operable brake lights.
In the present case, it is undisputed that Sergeant Sizemore observed Preston driving a U-Haul truck that was equipped with only one operable brake light. Therefore, Sergeant Sizemore observed a violation of Ohio Adm. Code 4501-15-02(C) and had probable cause to stop the U-Haul truck.[1] Since the stop of the U-Haul truck was supported by probable cause[2] the trial court erred by granting Preston's motion to suppress and the state's first assignment of error is sustained.
The state's second assignment of error is rendered moot by our decision on the first assignment of error, and therefore, need not be reviewed by this court. App.R. 12(A). The decision of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.
YOUNG, P.J., concurs.
KOEHLER, J., dissents.
[1] Preston was not cited for a violation of Ohio Adm. Code4501-15-02(C). In Erickson, the Ohio Supreme Court discussed, followed and applied the holding of United States v. Ferguson (C.A. 6, 1993), 8 F.3d 385. Erickson, 76 Ohio St.3d at 8-11. In Ferguson, the Sixth Circuit found that a police officer had probable cause to stop a defendant based on a minor traffic violation of driving without a visible license plate even though a citation was never issued for the violation. Ferguson at 391-393. A probable cause determination "will turn on what the officer knew at the time he made the stop." (emphasis sic). Ferguson at 391. Thus, while the failure to issue a citation for a traffic violation may be considered by a trial court in evaluating the credibility of a police officer, a citation is not required in order to support a finding of probable cause.
[2] The trial court found that Sergeant Sizemore lacked a reasonable suspicion to stop Preston's truck. Probable cause is a more stringent standard than reasonable suspicion. State v. Vanscoder (1994), 92 Ohio App.3d 853. Therefore, since Sergeant Sizemore had probable cause to stop Preston's truck for a traffic violation, the lesser standard of reasonable suspicion was clearly satisfied. See State v. Nevels (Aug. 1, 1997), Hamilton App. Nos. C-960986 through C-960990, unreported.