[1]
 

 Hornbeck, J., dissenting.
 

 [2]
 

 Though OVH's brief does not mention the substantial, reliable evidence standard of review, there is no question that this standard applied to the trial court review of SPBR's determination that appellee was a classified employee.
 
 Baker v. Columbiana Cty. Aud.
 
 , 10th Dist. No. 03AP-552,
 
 2004-Ohio-839
 
 ,
 
 2004 WL 344066
 
 , ¶ 10 ;
 
 Henley v. State Personnel Bd. of Review
 
 , 10th Dist. No. 94APE03-306,
 
 1994 WL 612350
 
 (Nov. 1, 1994) ;
 
 Freeman v. Ohio Dept. of Human Servs.
 
 , 10th Dist. No. 95APE03-359,
 
 1995 WL 739882
 
 (Dec. 14, 1995). "On appeal, the standard of review for this court is whether or not the trial court abused its discretion in so finding."
 
 Henley
 
 , citing
 
 Lorain City Bd. of Edn. v. State Emp. Relations Bd.
 
 ,
 
 40 Ohio St.3d 257
 
 , 261,
 
 533 N.E.2d 264
 
 (1988).
 
 See also
 

 Baker
 
 at ¶ 11.
 

 [3]
 

 The Supreme Court noted: "During the administrative proceedings in the cause at bar, appellee contended that appellant was an unclassified employee and therefore could not appeal his discharge from employment under the provisions of R. C. 124.03(A). The hearing officer for the State Personnel Board of Review rejected this allegation on the grounds that appellee had failed to comply with Ohio Adm. Code 123:1-5-03, which requires the appointing authority to provide a statement detailing the legal and factual basis for exempting a deputy or an assistant from classified service. This interpretation of the administrative regulation was challenged by appellee in the Court of Common Pleas."
 
 Id.
 
 at fn. 2.
 

 [4]
 

 In
 
 McAninch v. Crumbley
 
 ,
 
 65 Ohio St.2d 31
 
 , 34,
 
 417 N.E.2d 1252
 
 (1981), the Supreme Court invalidated Ohio Adm.Code 123:1-5-03 to the extent that it altered the statutory definition of an unclassified employee under R.C. 124.11(A)(9). Pursuant to
 
 McAninch
 
 , an appointing authority's non-compliance with the rule no longer precludes the appointing authority from claiming that the employee's duties place the employee in the unclassified civil service.
 

 --------