The first question raised by the respondent in the first case alone is the legal capacity of the relators to sue. The complete answer to this contention is that it has been waived by failure to raise the issue by a demurrer or in the answer. Section 11311, General Code; 30 Ohio Jurisprudence, 813.
It is next contended by the respondents that the relators are without authority to conduct a survey to determine whether positions are within the classified civil service. As a basis for the determination of this and the remaining questions, it is necessary to carefully note the broad and mandatory language of Section *Page 468 10 of Article XV of the Constitution of Ohio, which reads as follows:
"Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision."
Thus the people of Ohio have spoken on the highly controversial subject of civil service by incorporating in their organic law a mandate to which this court must accord full and unquestioning recognition; and of course the same is true with reference to statutes validly enacted thereunder. In other words these cases present questions of power rather than of policy, and with the latter this court may not concern itself.
The respondents insist that the Legislature has passed an enactment on the subject of classification, and has therefore delegated nothing to the relators with reference thereto. A study of these statutes discloses that these provisions do establish rules in considerable detail. However, the Legislature apparently realized the impossibility of then foreseeing and providing in detail for all situations that might arise, because in Section 486-7, General Code, appears the supplementary language that "the commission shall * * * prescribe, amend and enforce administrative rules for the purpose of carrying out and making effectual the provisions of this act" and "make investigations * * * concerning all matters touching the enforcement and effect of the provisions of this act and the administrative rules of the commission prescribed thereunder." It is also empowered "to administer oaths and affirmations and to take testimony." Then too, in Section 486-2, General Code, it is provided that "no person shall be appointed, removed, transferred, laid off, suspended, reinstated, promoted or reduced as an officer or employee in the *Page 469 
civil service of the state, the several counties, cities and city school districts thereof, in any manner or by any means other than those prescribed in this act or by the rules of the state or municipal civil service commissions within their respective jurisdictions as herein provided." Obviously the General Assembly may not delegate its legislative power to the commission, nor may the commission promulgate administrative rules at variance with either the Constitution or the statutes, but for the purpose of effectuating the act it is readily apparent that the Legislature has definitely commanded the commission to properly exercise its rule-making power. Significantly neither the Constitution nor the statutes authorize the respondents to determine for themselves what positions in their offices shall be placed within the classified service.
The third ground upon which the respondents rely is that the persons who hold the positions in question bear the title of "deputy" and therefore are placed within the unclassified service by virtue of Section 486-8 (a), General Code. However, it must be clear that a mere title is not at all conclusive. The true test is the duty actually delegated to and performed by an employee. This view was expressed by this court in the case of State, ex rel. Miller, v. Witter, Dir., 114 Ohio St. 122, 150 N.E. 431. Furthermore, it must be observed that under the statute a deputy may not be placed in the unclassified service unless (1) he is "authorized by law to act for and in the place of" his principal, and (2) holds "a fiduciary relation to such" principal. Both of these qualifications must be present. The respondents contend that "and" should be read as "or," but there is nothing in the context to either suggest or permit this construction. "It is to be observed that the law does not place in the unclassified service every officer or employee who is given the title of deputy, but only those who are authorized by law to act for and in the place of their *Page 470 
principals and who hold a fiduciary relation to such principals. On the other hand the fact that an officer or employee does not bear the title of 'deputy' will not bar him from inclusion in the unclassified service under this provision provided he is so authorized and holds such a fiduciary position. In other words the name is not of the essence of the place." 7 Ohio Jurisprudence, 551. Therefore the next and important question here presented is whether these persons are in fact deputies.
When is an employee a deputy? Section 9, General Code, provides that "a deputy, when duly qualified, may perform all and singular the duties of his principal." In Volume 2 of McQuillin on Municipal Corporations on page 446 it is stated that "in general a deputy has the power to do everything which his principal may do." In Volume 5 of the American and English Encyclopedia of Law on page 623 it is said that "a deputy is one who by appointment, exercises an office in another's right" and "he must be one whose acts are of equal force with those of the officer himself." In 22 Ruling Case Law, 584, appears the statement that "deputies are usually invested with all the power and authority of the principal."
Can it be said that any of the persons who hold the positions in question "may perform all and singular the duties of his principal," or that they have "the power to do everything which" their "principal may do," or that they exercise "an office in another's right" and their "acts are of equal force with those of the officer himself," or that they "are invested with all the power and authority of the principal"? It is extremely interesting to note the complete absence of any contention by either respondent that any of these employees meet these tests. Patently it could not logically be urged that one employed as a typist thereby becomes empowered to "perform all and singular the duties of his principal" who is a county auditor; nor *Page 471 
can it properly be said that one employed as a bookkeeping machine operator is thereby "invested with all the power and authority of the principal"; and it is equally clear that a person employed by a sheriff to guard prisoners or to patrol roads does not thereby acquire "the power to do everything which his principal may do." Thus it is apparent that the crux of this litigation is a misconception of the term "deputy." In the popular sense it seems to connote any person who is employed to perform some part of an official's duty. However, this is not the law, as is cogently demonstrated by the statute and by the authorities.
The foregoing views render it unnecessary to discuss the remaining contentions of counsel.
Peremptory writs must be allowed in conformity with the prayer of each petition.
Writs allowed.
WEYGANDT, C.J., WILLIAMS, MATTHIAS and ZIMMERMAN, JJ., concur.
STEPHENSON, J., concurs in cause No. 25649, and dissents in cause No. 25650.
JONES, J., not participating.