IN RE DISMISSAL OF MITCHELL, CAPTAIN.

(No. 79-234—Decided December 5, 1979.)

Messrs. *Culp & Parsons,* and *Mr. Ronald C. Parsons,* for appellant.

*Mr. R. Larry Schneider,* prosecuting attorney, and *Mr. David M. Shiffer,* for appellee.

*Per Curiam.* Appellant raises in his first proposition of law the issue of whether the Court of Appeals was empowered to review the judgment of the Court of Common Pleas under the provisions of R. C. 119.12.[1] Specifically, appellant contends that appellee did not raise a question of law relating to the constitutionality, construction, or interpretation of the statutes or rules of the agency and, therefore, the Court of Appeals lacked the authority to review the judgment of the Court of Common Pleas.

In *A. B. Jac., Inc.,* v. *Liquor Comm.* (1972), 29 Ohio St.

---

[1] R. C. 119.12 provides, with reference to an appeal to the Court of Appeals:

"* * * Such appeal by the agency shall be taken on questions of law relating to the constitutionality, or interpretation of statutes and rules of the agency, and in such appeal the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record.* * *"

In *Katz* v. *Dept. of Liquor Control* (1957), 166 Ohio St. 229, 141 N.E. 2d 294, this court construed the provisions of R. C. 119.12 as it affected the authority of the Court of Appeals to review the appeals of administrative agencies filed pursuant to R. C. 119.12. The syllabus states:

"Under the provisions of Section 119.12, Revised Code, as amended in 1953 (125 Ohio Laws, 488), an administrative agency may appeal from a judgment of the Court of Common Pleas, rendered on appeal from a decision of such agency, only upon questions of law relating to the constitutionality, construction or interpretation of statutes and rules and regulations of the agency, but when such appeal is perfected the reviewing court has jurisdiction to review and determine the correctness of the judgment of the Court of Common Pleas that the order of the agency is not supported by any reliable, probative and substantial evidence in the entire record."

2d 139, 280 N.E. 2d 371, a cause involving the dismissal of a R. C. 119.12 appeal on the grounds that no question of law relating to the constitutionality, construction, or interpretation of the statutes, rules or regulations of the agency was presented for review, this court, in reversing the dismissal of the appeal, stated in paragraphs one and two of the syllabus:

"1. The Ohio Liquor Control Commission has a right of appeal from a judgment of the Court of Common Pleas, where all the essential elements of the violation in question were stipulated at the hearing before the commission and where the Court of Common Pleas reverses the order of the Liquor Control Commission upon the basis of a question of law interpreting the application of a regulation of the commission.

"2. Where, in the interest of justice, it is essential for a reviewing court to ascertain the grounds upon which a judgment of a lower court is founded, the reviewing court must examine the entire journal entry and the proceedings."

Similarly, in *Rrawu, Inc.,* v. *Liquor Control Comm.* (1976), 46 Ohio St. 2d 436, 349 N.E. 2d 304, a cause also involving the appeal of an agency from an adverse decision of the Court of Common Pleas, it is stated at page 441:

"Inasmuch as the finding of the Court of Common Pleas necessarily was based on '***a question of law interpreting the application of a regulation of the commission,' the judgment of that court was appealable under the provisions of R. C. 119.12."

In the instant cause, a review of the journal entry of the Court of Common Pleas demonstrates that the court had before it the question of whether appellant was a classified or an unclassified employee of the Union County Sheriff's Department and subject to the jurisdiction of the board.[2] In

---

[2] Under R. C. 124.03 (A), the State Personnel Board of Review has the authority to hear appeals of employees "in the classified" service from final decisions of appointing authorities relating to the discharge of those employees. During the administrative proceedings in the cause at bar, appellee contended that appellant was an unclassified employee and therefore could not appeal his discharge from employment under the provisions of R. C. 124.03 (A). The hearing officer for the State Personnel Board of Review rejected this allegation on the grounds that appellee had failed to comply with Ohio Adm. Code 123:1-5-03, which requires the appointing authority to provide a statement detailing the legal and factual basis for exempting a

finding that appellant's employment status was that of a classified employee, the Court of Common Pleas premised its conclusion upon an interpretation of the statutes and the regulation which provide the procedural mechanism by which appellee could have exempted appellant from classified status.

Appellee challenged this determination by instituting an appeal to the Court of Appeals. In his assignments of error, appellee contested the judgment of the Court of Common Pleas, alleging, *inter alia,* that it was contrary to law as set forth by this court's holding in *In re Termination of Employment* (1974), 40 Ohio St. 2d 107, 321 N.E. 2d 603.[3] Appellee's appeal presented the Court of Appeals with a question of law which by necessity required resolution upon an interpretation of the pertinent statutes, regulations and case law. The Court of Appeals affirmed the interpretation of the Court of Common Pleas with respect to the consequences of appellee's failure to comply with the statutes and the regulation which set forth the procedure to exempt appellant from classified employment status.[4]

---

deputy or an assistant from classified service. This interpretation of the administrative regulation was challenged by appellee in the Court of Common Pleas.

[3] We do not find our holding in *In re Termination of Employment* (1974), 40 Ohio St. 2d 107, 321 N.E. 2d 603, dispositive of the question at bar. One of the issues reviewed in that case was whether the employees of the sheriff's department were classified or unclassified employees for purposes of determining the jurisdiction of the State Personnel Board of Review. Citing the holding in *State, ex rel. Emmons,* v. *Lutz* (1936), 131 Ohio St. 466, 3 N.E. 2d 502, the court stated at page 113:

"The court***[in *Lutz*] held that the classification of deputy sheriffs as to a branch of the civil service was a question of fact, dependent upon the actual authority granted to and the duties performed by the particular deputy sheriffs."

Thus, the second paragraph of the syllabus of *In re Termination of Employment, supra,* states that "[d]eputy sheriffs are members of the unclassified civil service only when they are assigned to, and perform, duties such that they hold 'a fiduciary or administrative relationship' to the sheriff."

In contrast to *In re Termination of Employment, supra,* this cause presents the situation where the threshold requirements for exempting appellant were not met. This left unresolved the question of whether appellant should be considered a classified employee as a matter of law. Thus, we do not now reach the factual issue presented by *In re Termination.*

[4] R. C. 124.11 provides:

Under such circumstances, the appeal to the Court of Appeals involved "questions of law relating to the\*\*\*interpretation of the statutes and rules of the agency," as provided for in R. C. 119.12.

In his second proposition of law, appellant contends that the Court of Appeals denied him the right to due process of law when it reversed the ruling of the Court of Common Pleas which permitted him to introduce additional evidence. More specifically, appellant argues that the requirements of R. C. 124.34, which provide that a notice of appeal is to be filed within 10 days of a suspension and that a hearing is to be held within 30 days of the filing of the notice of appeal, rendered appellant unable to determine the nature of the charges levied against him.

The question of the constitutionality of the procedural mandates of R. C. 124.34 was neither raised nor passed upon in the proceedings below, and we decline to rule upon it in the instant cause. *Moats* v. *Metropolitan Bank of Lima* (1974), 40 Ohio St. 2d 47, 319 N.E. 2d 603; *Kemp* v. *Parmley* (1968), 16 Ohio St. 2d 3, 241 N.E. 2d 169.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

---

"The civil service of the state\*\*\*shall be divided into the unclassified service and the classified service.

"(A) The unclassified service shall comprise the following positions\*\*\*:

"(9) The deputies and assistants of elective or principal executive officers authorized to act for and in the place of their principals, or holding a fiduciary relation to such principals and those persons employed by and directly responsible to elected county officials and holding a fiduciary or administrative relationship to such elected county officials, and the employees of such county officials whose fitness would be impracticable to determine by competitive examination\*\*\*."

Ohio Adm. Code 123:1-5-03 provides:

"*Deputies and Assistants.*

"Notices from appointing authorities of the appointment of deputies and assistants exempt from the classified service under the provisions of paragraph (A)(9) of Section 124.11, Ohio Revised Code, shall be accompanied by a statement of the provisions of the law under which such deputies and assistants are appointed and a statement of the duties to be assigned to such appointees showing that they are performing duties of a confidential and fiduciary character involving the responsibilities of their principals."

CELEBREZZE, C. J., HERBERT, P. BROWN, SWEENEY, JACKSON and HOLMES, JJ., concur.

W. BROWN, J., concurs in the judgment.

JACKSON, J., of the Eighth Appellate District, sitting for LOCHER, J.