[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case is before the court as an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, which denied appellant's post-conviction petition to vacate his sentence.
Appellant raises two issues, which we will consider as his assignments of errors. Appellant first argues that the trial court should not have dismissed his petition to vacate his sentence without a hearing. Second, appellant contends that his trial counsel was ineffective by allegedly failing to file pretrial motions.
On January 3, 1996, appellant was indicted for aggravated burglary, in violation of R.C. 2911.11(A)(3), and retaining stolen property, in violation of R.C. 2913.51, with specifications that he had previously been convicted of two theft offenses and an offense of violence. On January 9, 1996, appellant's attorney filed a request for discovery, and on January 22, 1996, he filed a request for a bill of particulars.
On March 6, 1996, appellant entered a plea of no contest to the offense of aggravated burglary as charged in the indictment. Appellant signed a written Plea of No Contest Form, which noted that the second count was to be dismissed by nolleprosequi at the time of sentencing. The court sentenced appellant to serve a term of five to twenty-five years of incarceration.
On May 8, 1997, appellant filed his pro se petition to vacate or set aside his sentence alleging ineffective assistance of counsel. Appellant attached a "memorandum in support", which contained his arguments, but provided no evidence to support his claims of ineffective assistance of counsel. Appellant specifically referred the court to its own records "to verify the allegations being raised by the petition as their [sic] can't be better proof to verify the facts of this case."
The trial court denied appellant's petition on May 30, 1997. As a result of an appeal of that denial, this court found that the judgment of the trial court was not final and appealable because the trial court did not issue specific findings of fact and conclusions of law. Appellee filed a motion for summary judgment or to dismiss under R.C. 2953.21(D). On October 7, 1997, the trial court granted that motion and denied appellant's petition, and issued specific findings of fact and conclusions of law. The trial court determined that the petition and supporting documents did not contain sufficient operative facts to require a hearing and the record did not show that trial counsel's representation was ineffective or prejudicial. The trial court determined that appellant pled no contest after being advised orally and in writing of the constitutional rights he was waiving.
R.C. 2953.21 allows a person convicted of a criminal offense, who claims an infringement of constitutional rights, to file a petition requesting the sentencing court to vacate or set aside the judgment or sentence. State v. Gover (1995), 71 Ohio St.3d 577,579. A petition for post-conviction relief may be dismissed without an evidentiary hearing when the record indicates that the petitioner is not entitled to relief and that the petitioner did not submit evidentiary documents containing sufficient operative facts to demonstrate that substantive grounds for relief exist. State v. Kapper (1983), 5 Ohio St.3d 36, 38, certiorari denied (1983), 464 U.S. 856.
In his first assignment of error, appellant contends that the trial court should have held an evidentiary hearing on his petition so that his trial counsel could testify under oath. Appellant must bear "the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." State v. Jackson (1980), 64 Ohio St.2d 107, at the syllabus. After reviewing the record in this case, appellant did not submit evidentiary documents containing sufficient operative facts to demonstrate a lack of competent counsel and that his defense was prejudiced by such ineffectiveness. See State v. Williams (Mar. 21, 1997), Lucas App. No. L-96-295, unreported. Accordingly, appellant's first assignment of error is found not well-taken.
Appellant contends in his second assignment of error that he did not receive effective assistance of counsel. Appellant contends that his attorney never filed any motions "challenging the evidence" that the state had against appellant, and that counsel should have filed a "motion to suppress evidence." To establish ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668, 687. Counsel's performance is deficient if his errors were so serious that "counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id.
Appellant did not argue in the trial court that his attorney should have filed a motion to suppress evidence as he does now. Instead, appellant claimed his attorney had not asked the state to provide a bill of particulars. The record shows trial counsel did request a bill of particulars although the record does not reveal whether appellee provided it.
An appellate court will not consider questions not presented, considered or decided by a lower court. In reDismissal of Mitchell (1979), 60 Ohio St.2d 85, 90. Therefore, we will not consider appellant's argument regarding a motion to suppress.
However, even viewing appellant's arguments as a broader claim of ineffective assistance of counsel, it is without merit. A plea of no contest is an admission of the truth of the facts alleged in an indictment, information, or complaint. Crim.R. 11(B)(2). The trial court independently determined appellant's guilt based on the evidence presented at the time of his plea, not as a result of his plea. State v. Wiley (June 16, 1995), Huron App. No. H-94-030, unreported. Even assuming appellant's attorney did not obtain all available evidence prior to the plea, the trial court was satisfied with the evidence presented at the time of the plea to find appellant guilty of aggravated burglary.
Although no transcript of proceedings has been submitted for review, the written plea agreement reveals appellant was informed of the nature of the charges, and the nature of the constitutional rights he was waiving by entering a no contest plea:
 "I understand that if my plea of "No Contest" is accepted by the Court, I waive and give up my right to a trial by jury or to the Court, where I could see and have my attorney question witnesses against me, and where I could have the power of the Court to call witnesses to testify for me. * * *
 "* * * I understand that the Court will make a determination of my guilt based upon a statement by the Prosecuting Attorney as to what evidence would have been presented had this case proceeded to trial, and based on the facts set forth in the applicable count(s) of the indictment. * * *" (Emphasis added.)
The appellant signed the form, which included the statement he was satisfied with his attorney's advice and performance at the time he entered the plea. Consequently, we can find no merit in appellant's claim that "but for" counsel's actions or alleged inactions in filing pretrial motions, he would not have been convicted of aggravated burglary. Accordingly, appellant's second assignment of error is found not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGEMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.