[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiff-appellant-cross appellee, the State of Ohio [State], appeals from the judgment entry of sentencing from the Court of Common Pleas of Hancock County, Ohio, which declined to classify Defendant-appellee-cross appellant, Gary W. Perkins [Perkins], a sexual predator pursuant to R.C. 2950.09. Perkins also appeals from this entry which sentenced him according to guidelines in effect at the time he committed the offenses.
On April 8, 1997, a three count indictment was issued against Perkins for his alleged misconduct on February 11, 1995. This indictment charged him with the offenses of rape, in violation of R.C. 2907.02(A)(2), aggravated burglary, in violation of R.C.2911.11(A)(1), and kidnapping, in violation of R.C. 2905.01(A)(4). All three offenses are aggravated felonies of the first degree. Perkins pled not guilty to the charges and requested a jury trial.
Pursuant to plea negotiations, on January 7, 1998, Perkins changed his plea to guilty and the State voluntarily dismissed with prejudice the kidnapping charge. The trial court accepted Perkins' guilty plea and the matter proceeded to sentencing. On February 11, 1998, Perkins was sentenced according to sentencing guidelines in effect in 1995. Thus, he received an indeterminate term of incarceration of ten to twenty-five years for both offenses, to be served concurrently with an aggregate term of not less than ten and not more than twenty-five years. At sentencing, the State also requested that Perkins be classified a sexual predator. However, the trial court declined to impose the classification, finding the applicable statute to be unconstitutional in view of the case of State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported, cert. granted,80 Ohio St.3d 1470.
The State appeals the trial court's refusal to apply the sexual predator statutory provisions of R.C. 2950.09. The following is its listed assignment of error:
 The trial court erred when it found R.C. 2950.09 to be unconstitutional.
Perkins cross appeals from the sentence imposed by the trial court and the following is his assignment of error:
 The trial court erred when it refused to sentence Defendant-Appellee/Cross-Appellant, Gary W. Perkins, under the felony sentencing laws as they existed on February 11, 1998.
The circumstances in this case implicate the application of R.C. 2950.09. However, we ruled in Cook, supra, that the provisions of R.C. 2950.09 violate the Retroactive Clause of the Ohio Constitution, Article II, Section 28 of the Ohio Constitution, when applied to offenses committed prior to January 1, 1997, the effective date of the statute. Since Perkins' offense was committed in 1995, the trial court properly refused to order Perkins to comply with these statutory provisions.
The State essentially urges us to reconsider our decision ofCook, supra. In view of the Supreme Court of Ohio's recent action to consider this case, we decline to accept the State's offer. Cook, 80 Ohio St.3d at 1470. Accordingly, the State's assignment of error is overruled.
In his cross appeal, Perkins claims that the sentencing standards created by Amended Substitute Senate Bill 2 [Am. Sub. S.B. No. 2] should be used in this case. He begins by conceding that the terms of Am. Sub. S.B. No. 2 pertain only to persons who commit an offense on or after July 1, 1996, and that his offense was committed prior to that date. However, he invokes R.C. 1.58(B) and State v. Burton (1983), 11 Ohio App.3d 261, to assert that an exception to the general rule applies in this case. Perkins further argues that the failure to use the sentencing standards outlined in Am. Sub. S.B. No. 2. violates principles of fundamental fairness and the policies behind the legislative enactment.
Upon consideration of this matter, we conclude that Perkins' claim is without merit. R.C. 1.58(B) states:
 If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.
This statutory provision was interpreted in Burton,11 Ohio App.3d at 262, indicating that application of amended sentencing standards apply only to persons who were arrested, charged or convicted of a crime prior to the effective date of the amendment, but who have not been sentenced. In this case, Perkins had only committed the offense prior to July 1, 1996. He was neither arrested, charged, convicted nor sentenced until after 1996. Thus, R.C. 1.58(B) and the Burton case are inapplicable to these circumstances. See, also, State v. Dick (Mar. 4, 1997), Seneca App. No. 13-96-43, unreported.
Moreover, we have previously considered Perkins' fairness argument. In State v. Dick, supra, we held that the failure to apply Am. Sub. S.B. No. 2 sentencing standards to offenses committed before July 1, 1996, did not violate constitutional provisions of equal protection:
 As any other person who committed a particular offense prior to July 1, 1996, petitioner was properly sentenced under the law in effect at that time. Therefore, petitioner was treated equally under the law as to other, similarly situated persons.
Thus, Perkins was properly sentenced according to the guidelines in effect at the time he committed his offenses and the sentencing standards of Am. Sub. S.B. No. 2 do not apply. Perkins' assignment of error is overruled.
In sum, the State's assignment of error is overruled. Likewise, Perkins' assignment of error is overruled. Accordingly, the judgment of sentencing rendered by the Court of Common Pleas of Hancock County, Ohio, is affirmed.
Judgment affirmed.
BRYANT and HADLEY, JJ., concur.
[1] This court, upon Loyer's motion to dismiss the instant appeal, found that the trial court's order denying the Civ.R. 12(B)(6) motion was a final, appealable order pursuant to R.C.2744.02(C), as effective June 30, 1997. This statute provides that any order denying an employee of a political subdivision the benefit of alleged immunity from liability afforded under R.C. Chapter 2477 "or any other provision of the law is a final order." (Emphasis added.)
[2] This ignores the fact that the cases cited by Turner rely on federal law for their holdings.
[3] In her reply brief, Turner contends, in the alternative, that if she lacks absolute immunity from suit, she is protected from civil liability by the doctrine of qualified immunity. This issue was never raised in the or considered by the trial court. Therefore, this court shall not consider the issue for the first time on appeal. Shover v. Cordis Corp. (1991), 61 Ohio St.3d 213,220, reversed on other grounds Collins v. Sotka (1998), 81 Ohio St.3d 506, paragraph one of the syllabus; In re Dismissal ofMitchell (1979), 60 Ohio St.2d 85, 90; AMF, Inc. v. Mravec (1981),2 Ohio App.3d 29, 32.