DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Huron County Court of Common Pleas which, following the entry of a no contest plea by appellant, Abram D. Ware, found appellant guilty and sentenced him on one count of failure to appear in violation of R.C. 2937.29 and2937.99(B). For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant was released on personal recognizance and a bail bond of $10,000. The form appellant signed indicted that he was released pursuant to Crim.R. 46. Appellant failed to appear for sentencing and he was indicted.
In his first assignment of error, appellant argues that his was not a recognizance bond pursuant to R.C. 2937.29 and, therefore, he cannot be found guilty of its violation and of violation of R.C. 2937.99. Appellant cites State v. Sciance (June 2, 1998), Muskingum App. No. CT97-0037, unreported, in support of his argument. This court finds Sciance distinguishable from the case sub judice. In Sciance, the defendant executed an "appearance" bond and the form signed by that was labeled "Recognizance of Accused (Appearance Bond)." In the case subjudice, the trial court required both personal recognizance and a cash bond or bail bond.
Furthermore, this court finds persuasive State v. Merlo
(April 29, 1981), Summit App. No. 9904, unreported. In Merlo, the defendant, released on a combination of recognizance and a surety bond, also argued that he should not be subject to a R.C. 2937.29. The Merlo court stated the following:
 "It is our opinion that so long as the court requires from defendant a recognizance as a condition of defendant's release during a criminal proceeding and that recognizance is a part of, or is the total condition of defendant's release, defendant is subject to possible criminal liability as result of his failure to obey the terms of the recognizance. Thus where, as here, defendant is alleged to have posted a recognizance in a low dollar amount secured by defendant's own signature, plus posting a surety bond in a sizeable dollar amount, indictment may be predicated on defendant's failure to appear as conditioned by the recognizance and ordered by the court. We note, as did the trial judge, * * * that the words `solely' or `only' do not appear in or refer to the recognizance spoken of in R.C. 2937.29. * * *"
Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant advances, for the first time on appeal, a constitutional argument regarding the trial court requiring both personal recognizance and a bond. This court finds no merit in this assignment of error.
It is not necessary for this court to consider the merits of appellant's second assignment of error for appellant failed to raise this argument in the trial court. It is well settled that an appellate court will not consider questions not presented, considered or decided by a lower court. In reDismissal of Mitchell (1979), 60 Ohio St.2d 85, 90; Kalish. v.Trans World Airlines (1977), 50 Ohio St.2d 73, syllabus.
Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, the court affirms the judgment of the Huron County Court of Common Pleas. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ PETER M. HANDWORK, J. JUDGE
MELVIN L. RESNICK, J., MARK L. PIETRYKOWSKI, J., CONCUR.