DECISION AND JUDGMENT ENTRY
This is an appeal from the denial of Defendant-Appellant John Dale Larsen's post-conviction request to be re-sentenced by the Lawrence County Court of Common Pleas. However, the argument contained in appellant's brief alleges that the trial court's judgment of conviction and sentence was in error. We find no merit in appellant's argument and affirm the judgment of the trial court.
STATEMENT OF THE CASE
On September 15, 1999, a complaint was filed in the Ironton Municipal Court charging appellant with Forgery, a fifth degree felony. The forgery case was assigned Lawrence County Court of Common Pleas Case No. 99-CR-107 and was set for hearing on September 23, 1999. The record reflects that Attorney D.L. McWhorter represented appellant during these proceedings. On September 23, 1999, appellant signed a recognizance bond and was released. This bond states in relevant part:
Be it remembered that on Sep [sic] 23, 1999 the Defendant personally appeared before a Deputy Clerk of this Court and jointly and severally acknowledged to owe the State of Ohio $25,000.00 dollars to be levied on their goods and chattels, land and tenements. [sic]
The condition of this Recognizance is such that if the above bound Defendant shall personally be and appear before the above said Court on 09-23-1999 at 09:00 AM then and there to answer to the charge of 2913.31A3 FORGERY and shall further appear before the said Court, from time to time, on such days as may be required, until the case shall be finally disposed of, and abide by the judgment of the Court and not depart without leave, then this recognizance shall be void, otherwise it shall remain in full force and virtue in law. Taken and acknowledged before me on the day and year first above written.
The record does not contain any notice of a hearing scheduled for September 29, 1999. Likewise, no transcripts of any hearings are included in the record on appeal.[1] However, on November 22, 1999, appellant was indicted for violating R.C. 2937.99(A), Failure to Appear, at the September 29, 1999 hearing. This indictment was also filed under Lawrence County Case No. 99-CR-107.[2] A warrant was issued for appellant's arrest and on January 10, 2000, an entry was filed that reflects that appellant appeared in court and entered a not guilty plea to Failure to Appear in Case No. 99-CR-107. Attorney McWhorter was appointed to represent appellant on the charge of Failure to Appear. However, on January 26, 2000, appellant entered a guilty plea to the charge of Failure to Appear.
On February 2, 2000, the Judgment Entry of conviction and sentence was filed reflecting that the trial court accepted appellant's plea of guilty to the indictment. Appellant was found guilty as charged and sentenced to one year of incarceration. The court advised appellant of his right to appeal and of his right to appointed counsel. Appellant did not ask for appointed counsel to pursue an appeal.
On April 5, 2000, appellant filed a pro se notice of appeal and a motion for leave to appeal from his February 2, 2000 conviction. This Court denied appellant leave to appeal on the grounds that appellant had been informed of his right to appeal and had waived that right. State v.Larsen (June 8, 2000), Lawrence App. No. 00CA14, unreported.
Some time before April 20, 2000, appellant sent a letter to the trial court. Although the letter was not filed and is not contained in the record, the trial court construed it to be a motion for re-sentencing. On April 20, 2000 the trial court filed two judgments: one denying the letter/motion for re-sentencing, the other denying appellant's motion for production of documents. However, appellant only appeals the April 20, 2000 judgment denying re-sentencing.
ASSIGNMENT OF ERROR:
OPINION
Appellant's brief does not contain any specific assignments of error; however, he states that he was selectively prosecuted for Failure to Appear and that he was erroneously sentenced. Appellant does not support these vague conclusory statements with any specific allegations, arguments, or authorities. The record is devoid of pleadings or motions raising these issues. In addition, the record contains no transcripts; thus, we cannot determine whether appellant raised these issues in the trial court. The record reflects that the first time appellant raises his contention that the trial court could not punish him, pursuant to R.C.2937.99 for Failure to Appear, is in his brief. Issues not raised in the trial court are waived for the purpose of appeal. In re Dismissal ofMitchell (1979), 60 Ohio St.2d 85, 90, 397 N.E.2d 764, 768. Neither appellant's references to the trial court's errors or his argument regarding the recognizance relate to the judgment denying his letter/motion for re-sentencing. Even overlooking this glaring deficiency in prosecuting this appeal, we find no merit to appellant's claims.
Appellant argues that his failure to appear on September 29, 1999, should result only in a forfeiture of $25,000 and that the trial court's only recourse was to issue a capias for appellant.
Appellant further contends that the indictment for Failure to Appear is void because, based on his forfeiture/capias theory, failure to appear is not an indictable offense.
We disagree. R.C. 2937.99 provides:
 [w]hoever fails to appear as required, after having been released pursuant to section 2937.29 of the Revised Code, shall be sentenced as follows:
 (A) If the release was in connection with a charge of the commission of a felony * * *, he shall be fined not more than five thousand dollars or imprisoned in a state correctional institution for not less than one nor more than five years, or both.
The forms that bail may take are set forth in both Crim.R. 46(A) and R.C. 2937.22. Crim.R. 46(A) states:
 Any person who is entitled to release shall be released upon one or more of the following types of bail in the amount set by the courts:
 (1) The personal recognizance of the accused or an unsecured bail bond;
 (2) A bail bond secured by the deposit of ten percent of the amount of the bond in cash. * * *;
 (3) A surety bond, a bond secured by real estate or securities as allowed by law, or the deposit of cash, at the option of the defendant.
In addition, R.C. 2937.22 states that bail may take any of the following forms:
(A) The deposit of cash * * *;
 (B) The deposit * * * in the form of bonds * * * in a face amount equal to the sum set by the court or magistrate * * *.
 (C) The written undertaking by one or more persons to forfeit the sum of money set by the court or magistrate, if the accused is in default for appearance, which shall be known as a recognizance.
A recognizance bond is in the nature of a conditional confession of judgment, i.e., by signing a recognizance bond, the defendant acknowledges that the monetary sum is already due, but that it is not subject to payment until the conditions of the recognizance are violated.
The general form of a recognizance is set forth in R.C. 2937.44. The recognizance signed by appellant is substantially the same as the form of Recognizance of the Accused contained in R.C. 2937.44. The September 27, 1999 Recognizance signed by appellant is not a bond, it is a personal acknowledgment that he would forfeit the sum of $25,000 if he failed to fully comply with the conditions contained therein. See State v. Merlo
(Apr. 29, 1981), Summit App. No. 9904. We find that appellant signed a personal recognizance, thus, he is subject to the terms of the recognizance and the penalty in R.C. 2937.99.
As previously noted, the record does not contain the letter/motion leading to the April 20, 2000 judgment denying appellant's request to be re-sentenced. The April 20, 2000 judgment states, in relevant part:
The defendant was sentenced on January 26, 2000 as reflected in the Judgment Entry of February 2, 2000, to a period of one year in the appropriate penal institution for violating R.C. 2937.99(A), Failure to Appear. This was in conjunction with a felony.
As of the date of sentencing, the penalty for violation of Section R.C. 2937.99(A) was a fine of not more than $5,000, or imprisonment in a state correctional institution for not less than one nor more than five years, or both.
R.C. 2937.99 was amended by the legislature, but the effective date of the change was March 23, 2000.
Appellant claims that the September 29, 1999 hearing, at which appellant did not appear, was not a court appearance under R.C. 2937.99. The record contains neither transcripts of hearings nor an order scheduling a hearing on September 29, 1999. However, appellant entered a plea of guilty to the offense of Failure to Appear. "The plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). Thus, appellant's guilty plea is an admission that he failed to appear as required by the terms of the September 23, 1999 recognizance.
Based on a review of the record before us, we find that appellant was bound by the conditions of the recognizance and that his failure to comply with those conditions subjected him to the penalty set forth in R.C. 2937.99 (effective August 10, 1965), rather than the version of R.C. 2937.99 as amended (effective March 23, 2000). We find that appellant's arguments are without merit and that his allegations of error are OVERRULED. The judgment of the Lawrence County Court of Common Pleas is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the LAWRENCE COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
DAVID T. EVANS, Judge.
Harsha, J., and Kline, J. Concur in Judgment and Opinion.
[1] We note that appellee attached a copy of the transcript of the "Waiver of Right to Preliminary Hearing" to its brief; however, it was not filed and is not part of the record on appeal. Thus, we cannot consider this transcript. App.R. 12(A)(1)(b).
[2] The record contains no further reference to the forgery charge.