OPINION
{¶ 1} Allstate Insurance Company ("Allstate"), defendant-appellant, appeals the judgment of the Franklin County Common Pleas Court granting the summary judgment motion filed by General Insurance Company of America ("General").
 {¶ 2} On July 29, 1998, Ronald Justus was injured in an automobile accident caused by the driver of another automobile, Steven Sherrick. At the time of the accident, Ronald was insured under an automobile policy issued by Allstate, which had limits of $100,000 per person. Ronald settled his claim for personal injuries against Sherrick. Ronald and his wife, Roberta, then filed an action seeking to recover under the uninsured/underinsured ("UM/UIM") coverage in the Allstate policy. The Justuses also sought recovery against General under a business auto policy issued to Ronald's employer, Williamette Industries, Inc. ("Williamette"). General and Allstate agreed that Ronald and his wife were insureds under the policies pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660.
 {¶ 3} On August 3, 2001, Allstate and General filed motions for summary judgment, in which they disagreed about the interplay of their respective policies with regard to any damages obtained by Ronald and his wife. Allstate claimed in its motion that both policies provided primary coverage, and, thus, any damages should be prorated between Allstate and General. General asserted in its motion that the UIM coverage provided by the Allstate policy was primary while the UIM coverage provided in its own policy was excess, and, thus, General should pay only for any damages in excess of the $100,000 coverage under the Allstate policy. On September 17, 2001, the trial court issued a decision granting General's motion, denying Allstate's motion, and finding that Allstate's policy was primary and General's policy was excess. The case proceeded to trial. During trial, Allstate reached a settlement with the Justuses, in which Allstate agreed to pay the Justuses $25,000, while reserving its right to appeal the trial court's decision granting summary judgment to General. General was not consulted about the settlement agreement and did not agree to pay any portion of the settlement. On October 21, 2002, the trial court filed a final judgment entry. Allstate appeals the trial court's judgment, asserting the following assignment of error:
 {¶ 4} "The Trial Court erred to the prejudice of the Appellant when it granted Appellee's Motion for Summary Judgment and denied Appellant's Motion for Summary Judgment holding that the term `you' as used in the Appellee's policy for uninsured/underinsured motorists coverage only included the named insured and not its employees in reference to the policy's `other insurance' clause and that Scott-Pontzer coverage is excess in all cases where there is primary UIM coverage provided for by the plaintiff's own insurance policy."
 {¶ 5} Summary judgment will be granted where the movant demonstrates that there is no genuine issue of material fact, that the moving party is entitled to judgment as a matter of law, and where reasonable minds can only reach one conclusion, which is adverse to the non-moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. Once the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing there is a genuine issue for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
 {¶ 6} Both parties conceded in the court below that Ronald was an insured under both the General and Allstate policies because the policies contain the same ambiguous "you" language as found in Scott-Pontzer. Further, Allstate conceded that its policy provided primary coverage. However, Allstate asserts the coverage provided by General is also primary coverage, and, therefore, the Allstate and General policies would apply to any judgment pro-rata. The "other insurance clause" in the General policy provides:
 {¶ 7} "E. CHANGES IN CONDITIONS
 {¶ 8} "1. OTHER INSURANCE in the Business Auto and Garage Coverage Forms and OTHER INSURANCE — PRIMARY AND EXCESS INSURANCE PROVISIONS in the Truckers and Motor Carrier Coverage Forms is replaced by the following:
 {¶ 9} "If there is other applicable insurance available under one or more policies or provisions of coverage:
 {¶ 10} "* * *
 {¶ 11} "b. Any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible uninsured motorists insurance providing coverage on a primary basis.
 {¶ 12} "* * *"
 {¶ 13} Therefore, under the General policy, the UIM coverage is excess and not primary only when the vehicle involved in the accident is a vehicle that "you" do not own. Thus, the issue before this court is the meaning of "you" in General's "other insurance clause." The trial court found that "you" in General's "other insurance clause" included only Williamette and not its employees. Because the vehicle being driven by Ronald was not owned by Williamette, the trial court concluded the General policy provided excess coverage.
 {¶ 14} Allstate maintains that the term "you" in the General policy must be defined consistently throughout the policy. Allstate contends that because the "you" in the "who is an insured" provision was found to be ambiguous and to include employees of Williamette pursuant to Scott-Pontzer, the "you" in the "other insurance clause" must also be found to be ambiguous and to include employees of Williamette. Thus, Allstate argues that because the "you" under the "other insurance clause" includes Ronald, and Ronald was operating a vehicle he owned, the General policy provides primary coverage pursuant to the "other insurance clause." In support of this reasoning, Allstate cites United Ohio Co. v. Bird (May 18, 2001), Delaware App. No. 00 CA 31, which the trial court rejected. To the contrary, General asserts that the "you" in the "other insurance clause" should be read independently of the "you" in the "who is an insured" provision. General maintains that because the policy defines "you" as the "named insured as shown in the declarations," and the named insured is Williamette, the vehicle involved in the accident was not owned by the "named insured." Therefore, General concludes that its coverage for Ronald would be excess coverage.
 {¶ 15} This court recently addressed this issue as it relates to "you" in the definition of "covered auto" in a policy. In Flournoy v. Valley Forge Ins. Co., Franklin App. No. 02AP-1008, 2003-Ohio-2196, we found the employer, city of Delaware's, policy in that case contained the same ambiguous "you" language in the "who is an insured" provision as did Scott-Pontzer. However, the declarations page of the policy in Flournoy limited the UIM coverage to "covered autos," as defined in the business auto coverage form. "Covered autos" for UIM purposes were delineated as "owned autos only," which were defined in the business auto coverage form as "only those autos you own." This court concluded that because, pursuant to Scott-Pontzer, "you" must be construed to mean both the corporation and the corporation's employees, motor vehicles an employee owned were "covered autos." Thus, because the employee owned the motorcycle he was riding at the time of the accident, it was a "covered auto," making him eligible for UIM coverage under his employer's policy. In rejecting the argument of the insurer that the "you" in the "only those autos you own" should refer solely to the named insured, city of Delaware, we found:
 {¶ 16} "If `you' is ambiguous in some parts of the policy, it should be considered ambiguous in all parts of the policy" particularly when the policy gives "you" the same meaning throughout the policy. Headley v. Grange Guardian Ins. Co., Mahoning App. No. 01-CA-130, 2003-Ohio-8, ¶ 42. See, also, Uzhca v. Derham (Apr. 5, 2002), Montgomery App. No. 19106 ("a consistent interpretation of the word is preferable to ascribing it different meanings depending on where in the policy it appears"). Thus, once a court determines that Scott-Pontzer applies, the judicially — determined definition of "you" must be applied consistently throughout the policy. Niese v. Maag, Putnam App. No. 12-02-06, 2002-Ohio-6851, at ¶ 11. See, also, Shaw v. State Farm Ins. Co., Cuyahoga App. No. 80471, 2002-Ohio-5330, at ¶ 35 ("the definition of `you' imposed pursuant to the Supreme Court's finding in Scott-Pontzer must be applied throughout the entire uninsured/underinsured provision at issue"); United Ohio Co. v. Bird (May 18, 2001), Delaware App. No. 00 CA 31 ("[s]ince the Ohio Supreme Court has judicially defined the word, unless the policy of insurance provides a different definition * * * we must apply the definition of `you' consistently throughout the policy").
 {¶ 17} "[The insurer's] interpretation of the phrase `only those autos you own' would necessarily result in `you' having different meanings depending upon where it appears in the policy. In order to avoid introducing this additional ambiguity into insurance policies to which Scott-Pontzer applies, we decline to adopt [the insurer's] method of construction." Flournoy, at ¶ 22.
 {¶ 18} Although Flournoy did not concern an "other insurance clause," as does the present case, two of the three cases cited by this court in support of our decision in Flournoy did relate to an "other insurance clause." The appellate courts in Shaw and United Ohio Co. both found that the definition of "you" imposed by Scott-Pontzer should be applied consistently throughout the entire policy. Therefore, the courts in Shaw and United Ohio Co. found that the "you" in the "other insurance clause" included the employee of the corporation named in the declarations. Several other cases have followed this reasoning in United Ohio Co. and Shaw, finding the "you" to include the corporation's employee for the purposes of the "other insurance clause." See Amore v. Grange Ins. Co., Richland App. No. 02CA70, 2003-Ohio-3207, at ¶¶ 36-43 (following United Ohio Co.); Marshall v. Colonial Ins. Co. of California, Trumbull App. No. 2001-T-0145, 2003-Ohio-2367, at ¶¶ 38-41 (following United Ohio Co. and Shaw); Bertsch v. Nationwide Mut. Ins. Co., Richland App. No. 02 CA 49, 2003-Ohio-1105, at ¶¶ 15-26; Poulton v. American Economy Ins. Co., Stark App. No. 2002-CA-00038, 2002-Ohio-7214, at ¶ 54 (following United Ohio Co.); Kasson v. Goodman, Lucas App. No L-01-1432, 2002-Ohio-3022, at ¶¶ 66-86 (following United Ohio Co.).
 {¶ 19} Given this court's recent determination in Flournoy that "you" should be considered ambiguous in all parts of the policy if it is found to be ambiguous in some parts of the policy pursuant to Scott-Pontzer, we find the trial court erred in finding that the "you" in the "other insurance clause" did not include Ronald, an employee of Williamette. Therefore, Allstate's assignment of error is sustained.
 {¶ 20} In General's appellate brief, it asserts two counterarguments as to why this court should not reverse the trial court's judgment. General first argues that the issue of whether the coverages of the two policies should be prorated is moot because General's policy provides that it will only pay sums the insured is "legally entitled to recover" as compensatory damages from the owner or driver of an uninsured vehicle. Thus, General contends that because Allstate settled the matter with the Justuses, the Justuses were never determined to be "legally entitled to recover" damages from the driver of an underinsured motor vehicle. Further, General argues that coverage under its policy is excluded due to the failure of the Justuses to gain General's consent before settling with the tortfeasor and its liability insurer.
 {¶ 21} The grounds asserted by General seek to defend the judgment on grounds other than those specified in the trial court's judgment entry. However, because General failed to set forth a cross-assignment of error for our consideration, pursuant to App.R. 16(B), the issues are not properly before this court. See Good v. Krohn, 151 Ohio App.3d 832,2002-Ohio-4001, at ¶ 15. Further, the trial court in the present case based its decision on the sole reason that Ronald was not included under "you" in the "other insurance clause." It is axiomatic that issues which are not reached by the trial court will not be passed upon by this court in the first instance. In re Dismissal of Mitchell (1979),60 Ohio St.2d 85, 90; Moats v. Metropolitan Bank of Lima (1974),40 Ohio St.2d 47, 49-50. Therefore, as the trial court has not yet passed upon General's additional arguments, we will not address them in this appeal.
 {¶ 22} Accordingly, appellant's assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with this opinion.
Judgment reversed; cause remanded.
LAZARUS and WATSON, JJ., concur.