**AMERICAN WINE AND BEVERAGE COMPANY, Inc., Appellee,
v. BOARD OF LIQUOR CONTROL, Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4666. Decided October 16, 1951.

Loyal S. Martin, Cincinnati, for appellee.

C. William O'Neill, Atty. Genl., Leander P. Swick, Jr., Richard L. Canter, Asst. Attys. Genl., Columbus, for appellant.

(HUNSICKER, PJ, DOYLE and STEVENS, JJ, of the Ninth District, sitting by designation.)

## OPINION

By DOYLE, J.

An appeal from a judgment of the Common Pleas Court of Franklin County, which reversed the action of the Board of Liquor Control in revoking the class B-4 and B-5 permits issued to the American Wine and Beverage Company, brings the Common Pleas Court judgment to this Court for review.

On December 28, 1950, the Board, pursuant to hearing, entered the following order:

"The Board finds from the evidence that on Oct. 16, 1950, the said permit holder offered to give to a retail permit holder, to wit, Jessie F. White, premiums, gifts, discounts, or rebates in merchandise in connection with the sale of wine to the said permit holder; that on October 19, 1950, the said permit holder gave away intoxicating liquor, to wit, wine, in connection with the operation of its business pursuant to the aforesaid permits; that on the said date the said permit holder assisted the holder of a permit for sale at retail, to wit, one James S. Hall, by giving him free merchandise, to wit, wine, as premiums and rebates; that on the said date the said permit holder sold wine below the minimum price established by the Ohio Board of Liquor Control; that on October 20, 1950, and on Nov. 3, 1950, the said permit holder gave away intoxicating liquor, to wit, wine, in connection with the operation of its business; that on the said dates the said permit holder assisted the holder of a permit for sale at retail, to wit, M. R. Lindburg, through his agent, one Lloyd Maddox, by giving free merchandise, to wit, wine, as premiums and rebates; and that on the said dates the said permit holder sold wine below the minimum price established by the Ohio Board of Liquor Control; all in violation of the Ohio Liquor Control Act and regulations of the Ohio Board of Liquor Control."

The order then concludes by suspending the permits for a period of fifteen days.

1. The record has been read with great care in view of the finding and judgment of the Court of Common Pleas—reached on the theory that the evidence before the Board was insufficient as a matter of law to justify its decision.

There is in the record probative evidence which carries the quality of proof and has fitness, coupled with the reasonable inference to be drawn therefrom, to sustain each of the findings of the Board of Liquor Control. The fact that the trial court or the individual members of this Court might not believe the witnesses is of no consequence, for the obvious reason that we are not the triers of the facts and must not be concerned with the credibility of the witnesses. The sole

judges of the witnesses' credibility were the members of the Board who heard the case. It was solely the Board's duty to determine what witnesses were to be believed or which were the most worthly of belief and from the testimony which they believed draw reasonable inferences, and then decide where the truth lay. This we must presume the Board did in reaching a conclusion.

There are shown in the evidence contradictory statements made by witnesses for the prosecution. Here again it was for the Board, sitting as the trier of the facts, to determine what weight should be given to the testimony concerning the contradictory statements and it was for the Board to determine whether that testimony was sufficient to shake their belief in the testimony given on the witness stand.

Finding as we do sufficient evidence to sustain the conclusions reached by the Board, it follows that the Court of Common Pleas erred in its judgment of reversal.

2. It is claimed by the appellant that Regulation No. 43 of the Department of Liquor Control is invalid. The trial court so held. This regulation is as follows:

"No retail or wholesale permit holder shall accept any premiums, gifts, discounts, rebates or kickbacks either in money, merchandise, or thing of value from any manufacturer or wholesale distributor of alcoholic beverages and no manufacturer or wholesale distributor of alcholic beverages **shall offer** or give to any retail or wholesale permit holder any premiums, gifts, discounts, rebates or kickbacks either in money, merchandise, or thing of value based on quantity sales, cash discount sales, or for any other reason."

The appellee asserts in argument that "since the Legislature has entered the field by enactment of §§6064-22 and 6064-24 GC, the Board of Liquor Control is limited to conformity with these enactments. The limitation would apply to the enactment of a regulation and it would certainly apply with equal or greater effect to an interpretation of or deviation from the wording of the statutes. The Board has attempted to charge and has attempted to find The American Wine and Beverage Company guilty of **offering** premiums, etc., in direct derogation of the provisions of the General Code of Ohio. Regulation No. 43 is greatly in conflict with these statutes. The Board of Liquor Control has no authority to enlarge the scope of the statute or to limit it. It can and must in its regulation conform * * *."

It is true that the statutes do not specifically prescribe that an **offer** to give premiums, etc., constitutes a violation. However, the power to enact regulations is specifically given to

the Board and it is a well known doctrine that a regulation adopted pursuant to such power is not invalid merely because certain specific conduct which is made a violation is not referred to in any general law.

We hold Regulation No. 43 valid. The judgment of the Court of Common Pleas will be reversed and the order of the Board of Liquor Control affirmed.

HUNSICKER, PJ, STEVENS, J, concur.