**SIMON, Appellant,**

**v.**

**STATE BOARD OF CHIROPRACTIC EXAMINERS, Appellee.**

[Cite as *Simon v. State Bd. of Chiropractic Examiners* (1996), 108 Ohio App.3d 297.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE05–597.

Decided Jan. 11, 1996.

Philip J. Fulton & Associates and Philip J. Fulton, for appellant.

Betty D. Montgomery, Attorney General, Elizabeth Y. Collis and Sheryl Creed Maxfield, Assistant Attorneys General, for appellee.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Jerrold J. Simon, D.C., appellant, from the March 10, 1995 decision and April 21, 1995 entry of the Franklin County Court of Common Pleas, which affirmed the State Board of Chiropractic Examiners' order suspending appellant's license to practice chiropractic.

The facts of this case are as follows: Appellant was duly licensed to practice chiropractic in the state of Ohio and operated two offices within the central Ohio area, one in Lancaster and one in Columbus. In the course of treating a patient, appellant would occasionally refer x-rays to other chiropractic doctors for evaluation. One of the doctors to whom he would refer x-rays for consultation was James R. Grilliot, D.C.

In January 1990, Grilliot received a request from a Lancaster law firm for a billing statement for an x-ray consultation Grilliot had allegedly performed for Dr. Simon's patient, Jack Gehlsen. After checking his system, Grilliot determined that he had never performed an evaluation for that patient, but that the report was identical to a report Grilliot had generated for another of Dr. Simon's

patients. Grilliot reported these findings to the State Board of Chiropractic in February 1990, and upon investigation, it was found that an altered report had been generated in appellant's Lancaster office. When confronted with the results of the investigation, appellant denied having altered the report of Gehlsen, and, upon questioning, his staff denied having altered the report as well.

On August 2, 1990, the board issued appellant a "Notice of Opportunity for Hearing." Appellant failed to request a hearing and, on September 20, 1990, the board voted to revoke appellant's license to practice chiropractic. Thereafter, appellant appealed to the Franklin County Court of Common Pleas and, on January 20, 1994, the court vacated the September 24, 1990 order and remanded · the case to the board for an adjudicatory hearing.

A notice for opportunity of hearing was reissued on February 15, 1994. The notice alleged that the report on Gehlsen had been altered and that appellant's license could be refused, revoked or suspended pursuant to R.C. 4734.10(F), now R.C. 4734.10(A)(6), for "willful and gross malpractice, or willful or gross neglect in the practice of chiropractic." See R.C. 4734.10(A)(6). A hearing was held and, at its conclusion, the board amended its charges against appellant by deleting the allegation that appellant was guilty of "willful and gross malpractice." The amendment was made because the hearing officer found:

"No evidence was presented at the hearing to indicate that [appellant] had actual knowledge of the falsified report prior to it being sent to the law firm or that [appellant's] involvement in such a report being created or sent was deliberate or intentional. Accordingly, there is no basis to support a finding that [appellant's] actions or omissions were willful pursuant to ORC 4734.10(A)(6)."

The hearing officer did find, however, that appellant maintained an "open" office area, i.e., an area to which any employee had access to patient files. The hearing officer stated that the lack of methods or procedures by which to control access of office staff to patient files constituted gross neglect for purposes of the statute. The hearing officer recommended a sixty-day suspension, but the board suspended appellant's license for ninety days, with thirty days stayed on the condition that appellant complete a risk management seminar.

Appellant appealed the board's decision to the Franklin County Court of Common Pleas, which affirmed the decision of the board. Appellant then filed this appeal, asserting the following assignments of error:

"A. The trial court erred in affirming the board's decision because the board's finding that Dr. Simon's actions or omissions were not willful exonerated Dr. Simon of all violations of O.R.C. § 4734.10(A)(6).

"B. The trial court erred in finding that Dr. Simon willfully or grossly breached a duty, which the court found there was no actual means of performing that duty."

In a case such as this, the court of common pleas must affirm the order of the board if the order is supported by reliable, probative and substantial evidence, and is in accordance with law. R.C. 119.12. In reviewing the court of common pleas' determination that the board's order is or is not supported by the requisite quantum of evidence, this court's role is limited to determining whether the trial court abused its discretion. *Hartzog v. Ohio State Univ.* (1985), 27 Ohio App.3d 214, 27 OBR 254, 500 N.E.2d 362; *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280. Cf. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.* (1995), 73 Ohio St.3d 694, 653 N.E.2d 1207.

Moreover, this court cannot affirm the judgment of the common pleas court if it finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence. *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 29, 465 N.E.2d 848, 852. Our review is plenary on the question of whether the board's order was in accordance with law. See *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835, paragraph one of the syllabus. Because this court finds that the board and the trial court erred as a matter of law, we must reverse the decision of the trial court in this case.

Appellee argues that the lower court properly affirmed the board's decision to suspend appellant's license to practice chiropractic because appellant failed to install and maintain safeguards with regard to the accessibility of his patients' files. Further, the lower court found appellant had violated R.C. 4734.10(A)(6) in that he failed to read the document prior to signing it and sending it out. For the following reasons, we find that the court of common pleas erred as a matter of law in affirming the board's decision.

Appellant's license was suspended under the assumption that he had violated R.C. 4734.10(A)(6), which reads:

"The chiropractic examining board may refuse, revoke, or suspend for a limited period, the license of any chiropractor for any of the following causes:

" * * *

"(6) Being guilty of willful and gross malpractice, or willful or gross neglect in the practice of chiropractic[.]"

As the hearing officer found that appellant's acts or omissions were not intentional, the court was left only with the question as to whether appellant was guilty of gross neglect in the practice of chiropractic.

■ R.C. 4734.09 defines the term "practice of chiropractic" as:

" * * * [The] utilization of the relationship between the musculoskeletal structures of the body, the spinal column and the nervous system, in the restoration and maintenance of health, in connection with which patient care is conducted with due regard for first aid, hygienic, nutritional, and rehabilitative procedures and the specific vertebral adjustment and manipulation of the articulations and adjacent tissues of the body. The chiropractor is authorized to examine, diagnose, and assume responsibility for the care of patients."

Thus, the statutory definition of "practice of chiropractic" does not include any office practices or procedures to be followed. The definition lists only medical practices and techniques which may be used in the practice of chiropractic. Similarly, the Ohio Administrative Code sections pertaining to the practice of chiropractic are devoid of any codified office procedures. This court notes that Ohio Adm.Code 4734–1–16(F) provides that "[i]t shall be considered unprofessional or unethical conduct and grounds for discipline if any licensee: * * * (6) alters any patient chiropractic records for any fraudulent intent or purpose." However, as the definition of "fraud" presumes that an act is intentional, and because the hearing officer specifically found no evidence of intent on the part of appellant, appellant cannot be found to have violated this Administrative Code section either.

Additionally, the trial court failed to consider the statutory language of R.C. 4734.10(A)(6) in context. Apparently the trial court focused on the words "gross neglect" without attaching any significance to the remaining words of the sentence. One does not commit a statutory violation for "gross neglect"; rather, "gross neglect *of the practice of chiropractic*" is what constitutes a violation of the statute. There simply does not exist reliable probative substantial evidence to support the trial court's finding that appellant violated R.C. 4734.10(A)(6). Appellant's alleged violation, at most, pertains to his office procedures and/or safeguards (or lack thereof), which are not controlled by this statute.

Appellee argues that, because there is no provision in the law by which to discipline a chiropractor for inappropriate office procedures, R.C. 4734.10 must be construed broadly enough to encompass the actions or omissions of appellant. We decline, however, to accept appellee's argument. The language contained in R.C. 4734.10(A)(6) and 4734.09 is specific and clear. To interpret these code sections to encompass office procedures is beyond our judicial purview.

In summary, whether appellant failed to employ safeguards in his office file system or whether appellant failed to read a letter which he dictated before it left his office is irrelevant. The crucial question before this court is whether the trial court's determination that appellant violated R.C. 4734.10(A)(6) is supported by reliable, probative and substantial evidence, and is in accordance with law. Because we find that the trial court erred as a matter of law in its reading of the statute, we must reverse.

Accordingly, appellant's assignments of error are sustained, and the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN, P.J., and CLOSE, J., concur.