In May 1997, the Ohio State Board of Registration for Professional Engineers and Surveyors ("the Board") suspended the professional surveyor's license of appellant Robert E. Satterfield for a one-year period. Mr. Satterfield appeals a judgment from the Adams County Court of Common Pleas that affirmed the Board's order of suspension and assigns the following errors:
 "FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT FAILED TO COMPLY WITH R.C. 119.12 IN THAT IT DID NOT ADDRESS OR DECIDE APPELLANT'S SPECIFIC CLAIMS THAT THE APPELLEE'S DECISION WAS NOT IN ACCORDANCE WITH LAW."
 "SECOND ASSIGNMENT OF ERROR: THE APPELLEE'S ORDER TO SUSPEND APPELLANT'S CERTIFICATE OF REGISTRATION AS A PROFESSIONAL SURVEYOR BASED ON VIOLATIONS OF [OHIO ADM.CODE] CHAPTER 4733-37 WAS NOT IN ACCORDANCE WITH LAW SINCE APPELLEE HAS NO AUTHORITY TO ADOPT SUCH RULES HAVING THE EFFECT OF SUBSTANTIVE LAW."
 "THIRD ASSIGNMENT OF ERROR: THE APPELLEE'S ORDER TO SUSPEND APPELLANT'S CERTIFICATE OF REGISTRATION AS A PROFESSIONAL SURVEYOR WAS NOT IN ACCORDANCE WITH LAW SINCE VIOLATION OF [OHIO ADM.CODE] CHAPTER 4733-37 IS NOT GROUNDS FOR SUSPENSION OF A CERTIFICATE OF REGISTRATION OF A PROFESSIONAL SURVEYOR UNDER R.C. 4733.20(A)."
 "FOURTH ASSIGNMENT OF ERROR: THE RULES SET FORTH IN [OHIO ADM.CODE] CHAPTER 4733-37 DO NOT SPECIFY THAT VIOLATION THEREOF IS GROUNDS FOR REVOCATION OR SUSPENSION OF A PROFESSIONAL SURVEYOR'S CERTIFICATE OF REGISTRATION UNDER R.C. 4733.20(A)."
 "FIFTH ASSIGNMENT OF ERROR: THE TRIAL COURT'S RULING THAT THE APPELLEE'S SUSPENSION OF APPELLANT'S CERTIFICATE OF REGISTRATION WAS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIVE EVIDENCE AND WAS IN ACCORDANCE WITH LAW IS NOT SUPPORTED BY THE EVIDENCE."
We overrule each of the appellant's assignments of error and affirm the common pleas court's judgment.
 I.
The appellant has been a registered professional surveyor in this state since 1952, performing approximately 22,000 surveys during his career. In June 1994, after a year-long investigation into the appellant's professional activities, the Board filed charges against the appellant relating to eight surveys he had performed. The charges set forth various facts alleged to constitute misconduct or incompetence in the practice of surveying. Among the chief allegations were that the appellant signed and sealed inaccurate and incomplete surveys, failed to survey property accurately, and failed to set proper monumentation in performing surveys.
In March 1997, after a lengthy hearing that included several witnesses and eighty-one exhibits, the Board's hearing officer filed a written report and recommendation. The forty-eight page report made findings of fact and conclusions of law relating to each of the eight cases of misconduct and incompetence alleged by the Board. The hearing officer's report found the appellant guilty of misconduct and/or incompetence in seven of the eight instances alleged. The hearing officer specifically found the appellant in violation of R.C. 4733.20(A)(2) and Ohio Adm. Code Rule Nos. 4733-5-03(A)(2), 4733-37-03(A) and (B), and4733-37-04(B). Accordingly, the hearing officer recommended that the appellant's certificate of registration as a professional surveyor be suspended for at least one year. The hearing officer also recommended that the appellant's registration be "perpetually limited" to require that all his surveys be reviewed by another licensed surveyor. The Board unanimously adopted the hearing officer's findings of fact and conclusions of law and entered its final order in May 1997. In its final order, the Board agreed with the hearing officer's recommendation that the appellant's certificate of registration be suspended for at least one year. The Board, however, chose not to follow the hearing officer's recommendation regarding the perpetual limitation on the appellant's certificate. Instead, the Board ordered that the appellant's certificate would remain suspended until he successfully completed two Board-approved boundary surveying courses.
The Board's order of suspension was stayed, pending the appellant's appeal to the Adams County Court of Common Pleas. The parties agreed to submit the matter to the trial court upon trial briefs and the record of the Board's proceedings. In June 1998, over four months after the parties completed their briefing in the case, the trial court asked the appellee to prepare a judgment entry for the court's signature. The court entered judgment, executing the entry supplied by the appellee, in July 1998. The entry stated that the Board's order was supported by reliable, probative, and substantial evidence and was in accordance with the law. The appellant requested that the court enter findings of fact and conclusions of law in support of its judgment. The court agreed, and ordered the parties to submit their proposed findings of fact and conclusions of law.[1] The parties submitted proposed findings and, in September 1998, the court filed a judgment entry stating:
 "This matter came on the 21st day of September, 1998, [with] the Court having reviewed the proposed findings of fact and conclusions of law submitted by appellant and appellee.
 After review the Court hereby adopts the proposed findings of fact and conclusions of law submitted by appellee, Ohio State Board of Registration for Professional Engineers and Surveyors as the Court's findings of fact and conclusions of law."
The appellant commenced this appeal.
 II.
In his first assignment of error, the appellant questions whether the trial court fulfilled its statutory duty in deciding appeals from administrative agency orders. R.C. 119.12
authorizes an appeal to common pleas court by any party "adversely affected by any order of an agency issued pursuant to an adjudication hearing * * * revoking or suspending a license * * *." The statute also designates the scope of review by the common pleas court:
 The court may affirm the order of the agency complained of in the appeal if its finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.
In conducting its review, the trial court must give due deference to the agency's resolution of evidentiary conflicts in its factual findings. Leon v. Ohio Bd. of Psychology (1992),63 Ohio St.3d 683, 687-88; see, also, Univ. of Cincinnati v.Conrad (1980), 63 Ohio St.2d 108, 111. To a limited extent, the trial court may substitute its judgment for that of the administrative agency in making factual findings. Columbia GasTransm. Corp. v. Ohio Dept. of Transp. (1995), 104 Ohio App.3d 1,4. However, the trial court is bound to uphold an agency order if it is supported by reliable, probative, and substantial evidence, and is in accordance with law. See Ponsv. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. In deciding whether an agency's order is "in accordance with law," however, the trial court must exercise its independent judgment, i.e. a de novo standard of review. Ohio HistoricalSoc. v. State Emp. Relations Bd. (1993), 66 Ohio St.3d 466,471.
On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence in an administrative appeal. Rossford Exempted Village School Dst.Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705,707; Lorain City Bd. of Edn. v. State Emp. Relations Bd.
(1988), 40 Ohio St.3d 257, 260-61. The court of appeals determines only whether the trial court has abused its discretion, which constitutes "not merely an error in judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." Rossford Exempted Village,63 Ohio St.3d at 707; see, also, Smith v. Sushka (1995), 103 Ohio App.3d 465,469-70. On questions of law, however, our review is plenary.Moran v. Ohio Dept. of Commerce (1996), 109 Ohio App.3d 494,497; In re Kralik (1995), 101 Ohio App.3d 232, 235-36.
Following the Board's decision to suspend his license, the appellant invoked the R.C. 119.12 appellate process. On appeal to the common pleas court, the parties agreed to submit the matter on trial briefs and the record compiled in the Board proceeding. The parties filed their briefs, and the matter remained submitted to the common pleas court for over four months. Upon making its decision, the trial court instructed the appellee to prepare the final judgment entry. Unsatisfied with the trial court's decision, the appellant requested findings of fact and conclusions of law pursuant to Civ.R. 52. After asking the parties to submit their proposed findings, the trial court filed an entry which adopted the appellee's findings of fact and conclusions of law. Because the trial court asked the appellee to prepare the final entry and adopted the appellee's findings of fact and conclusions of law, the appellant concludes that the court did not exercise its independent judgment on the issues of law raised in the appeal, thereby violating R.C. 119.12. We disagree with the appellant.
An appellate court reviewing a lower court's judgment indulges a presumption of regularity in the proceedings below.Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7. The party asserting error has the burden to demonstrate the irregularity in the trial court's proceeding through matters found in the record.Id.; see, also, Chuparkoff v. Ohio Liquor Control Commn. (Feb. 3, 1999), Summit App. No. 18948, unreported. Thus, to prevail on an argument that the lower court did not fulfill its duty to exercise its independent judgment on the legal questions involved in this case, the appellant must make an affirmative
demonstration that the trial court did not make the required analysis. See Inman v. Inman (1995), 101 Ohio App.3d 115, 119. The appellant has failed to satisfy this difficult standard.
The trial court's decision to use a judgment entry prepared by the appellee and to adopt the appellee's findings of fact and conclusions of law do not ipso facto indicate that the trial court abdicated its responsibility. Nothing in R.C.119.12 prohibits a trial court from adopting the Board's findings, as the trial court apparently did. Further, Civ.R. 52 authorizes a trial court to order the parties to submit proposed findings of fact and conclusions of law, as the court did in this case. The appellant has cited nothing in R.C.119.12 or any other provision of law that prohibits the trial court from adopting findings of fact and conclusions of law submitted by a party. Simply because the trial court chose to adopt the appellee's conclusions does not lead to the inferential leap that the court failed to make an independent judgment.
The appellant would apparently have us view the trial court's decision as a mere "rubber stamping" of the Board's determination and the appellee's proposed findings. In the context of a trial court's review of a magistrate's ruling, the Supreme Court has cautioned against the trial court adopting the magistrate's findings as a matter of course, without making the "thorough independent review of the [magistrate's] report" required by Civ.R. 53. Hartt, supra, 67 Ohio St.3d at 6. However, the record before us does not indicate a lack of thorough review. The court took this matter under submission for over four months before ordering the appellee to submit a judgment entry. The record before us supports a conclusion that the court simply decided in favor of the appellee after reviewing the briefs and voluminous evidentiary record. In accordance with its decision, the court asked the prevailing party to prepare the entry. After this decision, the court essentially gave the appellant one last chance to persuade the court by asking for proposed findings of fact and conclusions of law, when it was under no obligation to file any such findings and conclusions.[2] Consistent with its prior decision, and having already reviewed the voluminous record, the court adopted the appellee's findings three days after the parties filed their proposals. We cannot view this sequence of events as an affirmative showing that the court failed to carry out its duty to exercise independent judgment. The first assignment of error is overruled.
 III.
The second, third, and fourth assignments of error raise interrelated issues and we therefore analyze them together. In ordering suspension of the appellant's professional surveyors' license, the Board found that the appellant had violated several provisions of Chapter 4733-37 of the Ohio Administrative Code, which is entitled "Minimum Standards for Boundary Surveys." The appellant complains that the Board used violations of Ohio Adm. Code Chapter 4733-37 as a predicate for suspending his license on the grounds of misconduct and incompetence pursuant to R.C. 4733.20(A). The appellant contends that R.C. 4733.20(A) enumerates specific reasons justifying a suspension or revocation of his professional surveyor's license. He argues that violations of administrative rules cannot form the basis of his suspension because R.C. Chapter 4733 did not empower the Board to make rules governing the "Minimum Standards for Boundary Surveys" and does not enumerate violation of administrative rules as a basis for suspending a registrant's license. The appellant further argues that the administrative rules themselves do not state that violations of them may provide grounds for discipline pursuant to R.C. 4733.20(A).
R.C. Chapter 4733 governs this state's regulation of professional engineers and surveyors. R.C. 4733.07 grants to the Board the authority to "adopt all necessary rules, regulations, and bylaws, not inconsistent with sections 4733.01
to 4733.23 of the Revised Code * * * for governing all * * * matters requisite to the exercise of its powers, the performance of its duties, and the transaction of its business." This statute grants broad enabling power to the Board. The Board is authorized to promulgate any rule, regulation, or bylaw, so long as it is "necessary" to the Board's powers and duties and "not inconsistent" with any other provision of Chapter 4733.
Among the powers and duties vested in the Board is the power to revoke, suspend, or limit the certificate of registration, i.e. the license, of a professional surveyor. See R.C.4733.20(A). Specifically, R.C. 4733.20(A) states:
 (A) The state board of registration for professional engineers and surveyors may revoke, suspend, or limit the certificate of any registrant or the certificate of authorization of any holder of such certificate or reprimand or place on probation the holder of a certificate of registration or the holder of a certificate of authorization who is found guilty of any one or more of the following:
* * *
 (2) Any gross negligence, incompetency, or misconduct in the practice of professional engineering or professional surveying as a registered professional engineer or registered professional surveyor * * *.
The Board specifically found the appellant in violation of R.C. 4733.20(A)(2) when it suspended his surveyor's license. The Board also found the appellant guilty of violating Ohio Adm. Code sections 4733-5-03(A)(2), 4733-37-02(A) (B),4733-37-03(A), and 4733-37-04(B).[3]
It is axiomatic that the General Assembly cannot delegate its legislative powers to an administrative body. Matz v. J.L.Curtis Cartage Co. (1937), 132 Ohio St. 271, paragraph six of syllabus. However, the legislature may validly delegateadministrative powers to an administrative body. Id. An administrative body may, in turn, promulgate rules to facilitate its implementation of statutory policy declared in the statutes to be administered. Carroll v. Dept. of Admin.Services (1983), 10 Ohio App.3d 108, 110. "In other words, administrative agency rules are an administrative means for the accomplishment of a legislative end." Id. (citing State ex rel.Curtis v. DeCorps (1938), 134 Ohio St. 295, 298). An administrative body may not, however, promulgate rules which, in effect, create a power that was not delegated to it by the legislature. Id.
The General Assembly delegated to the Board the power to promulgate rules which would assist in administering its powers and implementing the policies contained in Chapter 4733 of the Revised Code. See R.C. 4733.07. The appellant does not dispute that the Board is an administrative body that enacts administrative rules related to the practice of surveying. However, the appellant contends that the legislature has not conferred any authority upon the Board to enact the "Minimum Standards for Boundary Surveys" that served as a basis for his license suspension. Without such authority, the appellant complains that the Board has improperly added to its delegated powers. We disagree with the appellant.
An administrative agency's authority to enact certain regulations may be predicated on a grant of authority that is either express or implied. See Burger v. Thomas (1975), 42 Ohio St.2d 377,383; DDDJ, Inc. v. Ohio Liquor Control Comm. (1990),64 Ohio App.3d 828, 831. In Burger, the Supreme Court explained how to evaluate whether the General Assembly has delegated a particular power by implication:
 Such a grant of power, by virtue of a statute, may be either express or implied, but the limitation put upon the implied power is that it is only such as may be reasonably necessary to make the express power effective. In short, the implied power is only incidental or ancillary to an express power, and, if there be no express grant, it follows, as a matter of course, that there can be no implied grant. In construing such a grant of power, particularly administrative power through and by a legislative body, the rules are well settled that the intention of the grant of power, as well as the extent of the grant must be clear; that in case of doubt[,] that doubt is to be resolved not in favor of the grant but against it.
Burger, 42 Ohio St.2d at 383 (quoting State ex rel. A. Bentley Sons Co. v. Pierce (1917), 96 Ohio St. 44, 47). In short, we will imply a power to be vested in an administrative agency if it is "incidental" to the powers expressly conferred by the legislature. In this case, we hold that the "Minimum Standards for Boundary Surveys" are merely incidental to its powers conferred in R.C. Chapter 4733 and are thus valid rules promulgated pursuant to the Board's implied power.
Through R.C. 4733.20, the General Assembly has granted to the Board the power to revoke and suspend the licenses of professional surveyors under certain circumstances. Among the express grants of power to the Board is the power to suspend, revoke, or limit a professional surveyor's license if the surveyor has displayed gross negligence, incompetence, or misconduct in the practice of surveying. Thus, the Board has the express authority to decide, in given cases, whether a surveyor has been incompetent or has engaged in misconduct. This express power necessarily includes the power to determine what acts constitute misconduct or incompetence. Indeed, the Board's power to revoke or suspend a license under R.C.4733.20(A)(2) would be ineffectual if it did not have the power to decide what standards govern its determination of incompetence or misconduct. The Board's power to adjudicate whether a surveyor has been incompetent or has engaged in misconduct implies the incidental power to decide the standards by which it evaluates those questions.
If we indulge the appellant's argument that the Board lacks the power to promulgate the "Minimum Standards for Boundary Surveying," we would be faced with an illogical result. In the absence of the regulations challenged by the appellant, the Board would still have the power, pursuant to R.C.4733.20(A)(2), to suspend a professional surveyor's license on the basis of gross negligence, incompetence, or misconduct. The Board would still have the power and duty to decide, in a given situation, whether a surveyor's conduct merits some form of discipline because it fell below a certain standard of care that is generally expected in the practice of surveying. Rather than make these decisions on an ad hoc basis, the Board has chosen to promulgate rules governing the minimum standards of care in performing surveys to guide its determinations of misconduct or incompetence. Accepting the appellant's argument would mean that the Board cannot set the same standards by administrative rule as it could on an ad hoc basis. We decline to follow such strained logic. The Board had the authority to enact the regulations in Chapter 4733-37 and use them as indicia of deciding whether suspension of the appellant's license was proper.
In an attempt to bolster his argument that the Board lacked the power to enact the "Minimum Standards for Boundary Surveys," the appellant directs our attention to other regulated professions and the Revised Code statutes governing them. The appellant argues that the Revised Code gives several administrative agencies the express power to adopt certain rules of professional conduct and to make violations of those rules a distinct ground for discipline apart from negligence, misconduct, or incompetence.[4] In citing these various statutes, the appellant argues that the General Assembly could have expressly granted authority to the Board to promulgate rules with substantive effect for surveyors, i.e. the violation of the rule results in discipline. As further proof of legislative intent, the appellant points out that the General Assembly expressly granted authority to the Board to promulgate a Code of Ethics and make violation of it a specific ground for discipline. See R.C. 4733.20(A)(5). Thus, the appellant argues that the administrative rules governing the minimum standards for boundary surveys conflicts with the statutory enactments governing the Board's power. This argument, however, is unpersuasive.
The appellant's argument relies on the faulty premise that he was disciplined on the sole basis of violating administrative rules. Neither the hearing officer's conclusions nor the final order filed by the Board states that the appellant violatedonly administrative rules regarding the minimum standards for boundary surveys. In all cases where the hearing officer found a violation of the Ohio Adm. Code, the hearing officer also found proof of "misconduct" or "incompetence" within the meaning of R.C. 4733.20(A)(2). Simply because the acts constituting "misconduct" or "incompetence" under R.C.4733.20(A)(2) also happened to violate administrative rules does not mean that the Board overstepped its authority. The Board has the authority to discipline a licensed professional surveyor if his conduct runs afoul of R.C. 4733.20(A)(2), regardless of whether the Board has promulgated a rule governing the particular conduct involved.
Moreover, even if we were to accept the appellant's argument that the Board treats a violation of the "Minimum Standards for Boundary Surveys" as an automatic instance of incompetence or misconduct under R.C. 4733.20(A)(2), this does not create a conflict between Adm. Code Chapter 4733-37 and R.C. Chapter 4733. For a regulation to impermissibly conflict with statute, the regulation must contravene or be in derogation of some express statutory provision. See McAninch v. Crumbley (1981),65 Ohio St.2d 31, 33. Simply because a regulation makes certain specific conduct, which is not expressly mentioned in the general law, a violation of that statute does not create a conflict. See Burger, supra, 42 Ohio St.2d at 380; Am. Wine Bev. Co. v. Bd. of Liquor Control (1951), 66 Ohio Law Abs. 161. The language of statutes is routinely generic, while that of administrative codes purposely provides specific detail.
The appellant makes a final argument concerning the Board's lack of statutory authority to enact the "Minimum Standards for Boundary Surveys." In the last several years, the Board has proposed legislation that would expand its powers. Dubbed as a "Proposed Administrative Clean-Up Bill," the Board's proposal sought legislation that would give the Board authority "to promulgate 'Standards', 'Guidelines', and 'Scope of work for the professions of engineering and surveying.' " The appellant uses this proposal to argue that the Board was cognizant of its lack of authority to promulgate the "Minimum Standards for Boundary Surveys." This argument is also unpersuasive. The Board's proposed bill would have authorized its promulgation of rules governing the profession of surveying. Such authority to govern the entire surveying profession is arguably lacking in R.C. Chapter 4733. However, the rules challenged by the appellant in this case do not encompass aspects of the entire "profession" of surveying; rather, the "Minimum Standards" govern the standards attendant to performing individualized surveys. The authority to promulgate rules covering individualized surveys is implicit in the authority granted elsewhere in R.C. Chapter 4733. As we have noted, the authority to decide the minimum standards for conducting a survey is necessarily included within the Board's power to assess whether surveyor is guilty of "gross negligence, incompetency, or misconduct in the practice of * * * professional surveying * * * ." R.C. 4733.20(A)(2).
We overrule the second, third, and fourth assignments of error.
 IV.
In his final assignment of error, the appellant argues that the common pleas court erred in deciding that the Board's final order was supported by reliable, probative, and substantive evidence. The appellant argues that the record lacks testimony that the appellant's seven surveying errors constituted gross negligence or incompetence.
In reviewing the common pleas court's decision that the Board's order was supported by the requisite quantum of evidence, our inquiry is limited to whether the trial court abused its discretion. Rossford Exempted Village, supra,63 Ohio St. 3d at 707; Simon v. State Bd. of Chiropractic Examiners
(1996), 108 Ohio App.3d 297, 300. It is not this court's duty to re-weigh the evidence. Only in the total absence of any evidence to support the Board's finding can we say that the trial court abused its discretion in upholding the Board's order.
We agree with the trial court that reliable, probative, and substantial evidence existed to support a finding that the appellant was guilty of incompetence and misconduct in the practice of surveying. The "practice of surveying" is defined as:
 that branch of engineering which includes any professional service which requires the application of special knowledge of the principles of mathematics, the related physical and applied sciences, and the relevant requirements of law for the adequate performance of the art of surveying, including, but not limited to, measuring the area of any portion of the earth's surface, the lengths and directions of the bounding lines, and the contour of the surface, for the correct determination and description and for conveyancing for recording, or for the establishment or reestablishment of land boundaries * * * .
(Emphasis added.)
The Board found that the appellant had committed numerous acts displaying either inaccuracy or impropriety in connection with seven surveys. There is no dispute that the surveys giving rise to the Board's order provided incorrect descriptions of the properties involved. The inaccuracies were directly related to the appellant's acts and omissions. There was evidence that the appellant failed to set monumentation in performing surveys, failed to accurately survey property, and signed and sealed surveys that he knew or should have known were inaccurate. The hearing officer specifically found witnesses testifying against the appellant to be credible and found that, on numerous occasions, the appellant acknowledged certain mistakes he had made. The common pleas court did not err in finding the requisite quantum of evidence to support the Board's finding of incompetence and misconduct. The fifth assignment of error is overruled.
Having overruled each of the appellant's assignments of error, we affirm the judgment of the common pleas court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and APPELLEE recover of APPELLANT costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the ADAMS COUNTY COMMON PLEAS COURT to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. and Abele, J.:
Concur in Judgment and Opinion.
For the Court
 BY: ___________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] Following this order by the trial court, the appellant commenced an appeal to this court from the July 1998 judgment entry. Because the trial court had agreed to file findings of fact and conclusions of law, we dismissed the appeal as premature. Satterfield v. Ohio State Board of ProfessionalEngineers and Surveyors (Aug. 31, 1998), Adams App. No. 98CA666, unreported; see also, Caudill v. Caudill (1991),71 Ohio App.3d 564, 565 (when party files a timely motion for findings of fact and conclusions of law, there is no final appealable order until trial court files findings of fact and conclusions of law).
[2] We note that the trial court was under no obligation to file findings of fact and conclusions of law in response to the appellant's Civ.R. 52 request. Where a trial court reviews an administrative agency determination, it is generally not an independent fact-finder. Therefore, when the common pleas court adjudicates an administrative appeal and hears no additional evidence, the court is not required to make separate findings of fact and conclusions of law. Gen. Motors Corp. v. JoeO'Brien Chevrolet, Inc. (1997), 118 Ohio App.3d 470, 479. "Unless the court is making factual determinations on the basis of additional evidence not before the administrative agency, Civ.R. 52 has no application to such review proceedings." Id.; see, also, Rose v. Dept. of Human Servs. (June 22, 1998), Warren App. No. 97-10-103, unreported. The record does not reveal that the trial court considered any additional evidence that was not before the Board.
[3] Adm. Code 4733-5-03(A)(2) repeats R.C. 4733.20(A)(2) verbatim, stating that a professional surveyor may be disciplined for gross negligence, incompetency, or misconduct in the practice of surveying. Adm. Code 4733-37-02(A) and (B) provide guidelines for a surveyor's research and investigation in performing surveys. Adm. Code 4733-37-03(A) states that a surveyor shall, when necessary in accordance with accepted surveying practice and legal requirements, set boundary monuments so that each corner of the surveyed property and each referenced control station will be physically monumented. Adm. Code 4733-37-04(B) provides that a surveyor shall measure distances so that the linear error in the distance between any two points shall not exceed a specified threshold of allowable error.
[4] See, e.g., R.C. 4701.16(A)(4) (accountants may be disciplined for violating any rule of professional conduct adopted by the Board); R.C. 4703.151 (architects may be disciplined for violating rules governing standards of service, conduct, and practice); R.C. 4709.13(C) (barbers may be disciplined for violating any administrative rule); R.C. 4715.30(A)(9) (agency may discipline dentist for violating any rule adopted under that chapter); R.C. 4723.28(B) (16) (nurses may be disciplined for violating agency-promulgated rules); R.C. 4730.25(B) (2) (physician assistants may be disciplined for failure to comply with any rule adopted by agency); R.C. 4731.22(B)(18) and (B)(32) (physicians may be disciplined for failure to comply with certain rules adopted or promulgated by board); R.C.4732.17(A)(7) (psychologists may be disciplined for violating any rule of professional conduct promulgated by board).